TUCKER, Judge:
On January 27, 1971, defendant-appellant Olinde’s Hardware & Supply Co., Inc., filed suit No. 147,364, in the Nineteenth Judicial Court of the Parish of East Baton Rouge, against Henry Lee Piper, the plaintiff-appellee in the instant suit, and Willie Mae McGowan, his mother-in-law, seeking judgment in the amount of Nine Hundred Eighty-one and 18/100 Dollars ($981.-18), together with interest thereon at the rate of eight (8%) per cent per annum from January 14, 1971, until paid, and twenty-five (25%) per cent additional on both principal and interest as attorney’s fees, and for all costs of court. The amount sought represented the balance due on several chattel mortgage notes in favor of Olinde’s and allegedly signed by Henry Lee Piper for the purchase of a color television set and several other items of furniture, all of which were delivered to the home of his mother-in-law, co-defendant in the original suit. One of the notes which was given for the color television set was signed “Henry Lee Piper by Gloria D. Piper;” the others, “Henry L. Piper by Henry L. Piper”, in an obviously different handwriting.
Personal service in Suit No. 147,364 was made upon Willie Mae McGowan at her home, 1160 North 37th Street. The Sheriff’s return reveals that she signed for Willie Lee Piper, too, “the said Willie Lee Piper being absent at the time of service.” On March 11, 1971, a default judgment was obtained against the two defendants solidarily. Again service was made upon Willie Mae McGowan personally at her residence 1160 North 37th Street, and she *657 signed for Willie Lee Piper in his absence. After the expiration of the proper delays for the taking of appeals Olinde’s obtained a writ of fieri facias and instituted garnishment proceedings against the employer of Henry Lee Piper, Allied Chemical Corporation.
The present action was brought by Henry Lee Piper on June 9, 1971 against Olinde’s and Mrs. McGowan, seeking the nullity of the judgment of March 11, 1971, on the basis that he had not been properly served in the matter; had not signed the notes in question; and asking that the execution of the judgment be enjoined and his seized wages returned to him. He also prayed for damages in the amount of Twenty-five Thousand ($25,000.00) Dollars and later brought in Olinde’s insurer, Highlands Insurance Company, as another defendant. A hearing was set on the rule for the preliminary injunction. Olinde’s filed an exception of no cause of action on June 21, 1971, the date of the hearing on the rule, alleging that, inasmuch as Piper had not attacked the service of process in Suit No. 147,364, directly, the purported domiciliary service upon him was valid, and the subsequent judgment on that suit likewise valid. At the June 21 hearing evidence was adduced on the exception and on the rule, with the result that the trial judge overruled defendant Olinde’s exception and recalled and set aside plaintiff Henry Lee Piper’s rule. This judgment was granted in open court and rendered and signed on June 25, 1971. Both parties applied for a new trial. Piper re-urged his application for a preliminary injunction, and Olinde’s maintained that the entire proceedings should have been dismissed on the exception of no cause of action. A new hearing was granted on the application of both parties and was set for July 12, 1971. At that hearing the trial judge reversed his former ruling, annulled the default judgment, granted Piper’s preliminary injunction, overruled Olinde’s exception of no cause of action, and ordered Olinde’s to return all wages seized from Piper.
From this judgment Olinde’s has appealed to this court alleging error by the trial judge in refusing to sustain its exception of no cause of action on the basis of valid service and a judgment not attacked directly for lack of service; and in granting a preliminary injunction where the loss to be sustained is money damage, without an allegation of irreparable injury and without the giving of a bond. Olinde’s alleges error as well in the lower court’s giving final judgment in effect annulling the default judgment of March 11, 1971, and ordering the return of wages seized under execution of that judgment, all on the mere hearing of the rule for the preliminary injunction.
Under LSA-C.C.P. Article 3601 “An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.” In the instant suit no allegation of “irreparable injury” has been made. The jurisprudence of this state, furthermore, has defined “irreparable injury, loss or damage, as that injury, loss or damage, for which damages cannot be measured by a pecuniary standard. Danzie v. Rutland, 232 So.2d 303, 305 (La.App.2d Cir. 1970), and cases cited therein. From the allegations contained in the petition it is obvious that the only loss which appellee could sustain would be the loss of certain sums of money, in an amount certain, fixed, and definite to be garnished from his wages. The issuance of an injunction under the facts of this case where only money damage can be sustained, with or without an allegation of “irreparable injury,” would be improper. There is no irreparable injury to be expected in this case, according to the jurisprudence of this state.
Counsel for the appellant has complained that appellee’s petition was not accompanied by supporting affidavits, as re *658 quired by C.C.P. Ardele 3609. Inasmuch as the entire record of Suit No. 147,364 was submitted in evidence, this court would consider that argument of no merit.
More important to this court is the fact that there was no evidence in the record that a bond had been furnished for the security of the preliminary injunction prayed for, as required by LSA-C.C.P. Article 3610. Nor is there any indication that the security required has been dispensed with by law. In view of the fact that the only injury which could befall ap-pellee is of a monetary nature, certain and fixed; and in view of the fact that no bond was furnished for the issuance of the preliminary injunction requested, this court will reverse the lower court and order that the preliminary injunction issued herein by the trial court be vacated, rescinded, recalled and set aside.
Appellant Olinde’s has asked that its exception of no cause of action be maintained. This exception was overruled by the lower court judge on June 25, 1971, and appellant Olinde’s motion for a new trial based on allegations urged in its original exception of no cause of action was denied by the lower court in its judgment rendered July 13, 1971. The law provides no appeal from this decision.
This case will be remanded to the Nineteenth Judicial District Court, however, for trial on the merits. The decision of the lower court annulling the default judgment of March 11, 1971, and ordering appellant Olinde to return all monies taken from the wages of Henry Lee Piper by garnishment will be reversed as improperly rendered on a hearing of a rule for a preliminary injunction.
Judgment affirmed in part, reversed in part, and remanded.