276 So.2d 788 (1973)
Henry Lee PIPER
v.
OLINDE'S HARDWARE & SUPPLY COMPANY, INC. et al.
No. 9277.
Court of Appeal of Louisiana, First Circuit.
March 19, 1973.
Rehearing Denied May 14, 1973.
Writ Granted June 28, 1973.
*789 Ralph Brewer, Baton Rouge, for Olinde's Hardware & Supply Co.
Walton Barnes, II, Barnes & Barnes, Baton Rouge, for McGowan.
Arthur Cobb, Baton Rouge, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
*790 TUCKER, Judge.
The above styled case has returned to this forum. We adopt as a statement of the facts those listed in the judgment previously rendered by this court on March 13, 1972, and published in 259 So.2d 655 (La.App.1st Cir. 1972), as follows:
"On January 27, 1971, defendant-appellant Olinde's Hardware & Supply Co., Inc., filed suit No. 147,364, in the Nineteenth Judicial Court of the Parish of East Baton Rouge, against Henry Lee Piper, the plaintiff-appellee in the instant suit, and Willie Mae McGowan, his mother-in-law, seeking judgment in the amount of Nine Hundred Eighty one and 18/100 Dollars ($981.18) together with interest thereon at the rate of eight (8%) per cent per annum from January 14, 1971, until paid, and twenty-five (25%) per cent additional on both principal and interest as attorney's fees, and for all costs of court. The amount sought represented the balance due on several chattel mortgage notes in favor of Olinde's and allegedly signed by Henry Lee Piper for the purchase of a color television set and several other items of furniture, all of which were delivered to the home of his mother-in-law, co-defendant in the original suit. One of the notes which was given for the color television set was signed `Henry Lee Piper by Gloria D. Piper;' the others, `Henry L. Piper by Henry L. Piper', in an obviously different handwriting.
Personal service in Suit No. 147,364, was made upon Willie Mae McGowan at her home, 1160 North 37th Street. The Sheriff's return reveals that she signed for Willie Lee Piper, too, `the said Willie Lee Piper being absent at the time of service.' On March 11, 1971, a default judgment was obtained against the two defendants solidarity. Again service was made upon Willie Mae McGowan personally at her residence 1160 North 37th Street, and she signed for Willie Lee Piper in his absence. After the expiration of the proper delays for the taking of appeals Olinde's obtained a writ of facias and instituted garnishment proceedings against the employer of Henry Lee Piper, Allied Chemical Corporation.
"The present action was brought by Henry Lee Piper on June 9, 1971 against Olinde's and Mrs. McGowan, seeking the nullity of the judgment of March 11, 1971, on the basis that he had not been properly served in the matter; had not signed the notes in question; and asking that the execution of the judgment be enjoined and his seized wages returned to him. He also prayed for damages in the amount of Twenty-five Thousand ($25,000.00) Dollars and later brought in Olinde's insurer, Highlands Insurance Company, as another defendant. A hearing was set on the rule for the preliminary injunction. Olinde's filed an exception of no cause of action on June 21, 1971, the date of the hearing on the rule, alleging that, inasmuch as Piper had not attacked the service of process in Suit No. 147,364, directly, the purported domiciliary service upon him was valid, and the subsequent judgment on that suit likewise valid. At the June 21 hearing evidence was adduced on the exception and on the rule, with the result that the trial judge overruled defendant Olinde's exception and recalled and set aside plaintiff Henry Lee Piper's rule. This judgment was granted in open court and rendered and signed on June 25, 1971. Both parties applied for a new trial. Piper re-urged his application for a preliminary injunction, and Olinde's maintained that the entire proceedings should have been dismissed on the exception of no cause of action. A new hearing was granted on the application of both parties and was set for July 12, 1971. At that hearing the trial judge reversed his former ruling, annulled the default judgment, granted Piper's preliminary injunction, overruled Olinde's exception of no cause of action, and ordered Olinde's to return all wages seized from Piper.

*791 From this judgment Olinde's has appealed to this court alleging error by the trial judge in refusing to sustain its exception of no cause of action on the basis of valid service and a judgment not attacked directly for lack of service; and in granting a preliminary injunction where the loss to be sustained is money damage, without an allegation of irreparable injury and without the giving of a bond. Olinde's alleges error as well in the lower court's giving final judgment in effect annulling the default judgment of March 11, 1971, and ordering the return of wages seized under execution of that judgment, all on the mere hearing of the rule for the preliminary injunction."
The judgment of this court under date of March 13, 1972 reversed the trial court's decision awarding injunctive relief and also its judgment annulling Olinde's default judgment of March 11, 1971. The case was remanded to the District Court for trial on the merits.
The plaintiff in this suit, Henry Lee Piper, originally asked for trial by jury, but later waived the request. Olinde's posted a jury bond and requested a jury trial, which took place as requested. The trial judge refused to instruct the jury as requested by Olinde's however, and this failure forms a part of the grounds for Olinde's appeal. After due deliberation the jury returned the following verdict:
"Judgment is rendered in favor of plaintiff, Henry Lee Piper, and against the defendants, Olinde Hardware and Supply Company, Inc., and Willie Mae McGowan, jointly and in solido, annulling the judgment obtained on March 11, 1971, and in the sum of $2,000.00"
Judgment was signed accordingly by the trial judge, who interpreted the Jury's verdict as awarding plaintiff Two Thousand and no/100 ($2,000.00) Dollars as damages. He also ordered Olinde's to return to plaintiff Piper all monies taken through garnishment.
From this judgment both defendants appealed. Willie Mae McGowan specified the following errors in her appeal:
"1. The Trial Court erred in allowing the issue of fraud and/or forgery to be litigated.
2. The Trial Court erred in allowing an award of damages where the plaintiff failed to prove fraud of any nature.
3. The Trial Court erred in allowing recovery by plaintiff in a proceeding to collaterally attack a judgment where appellate procedure was open.
4. The Trial Court erred by allowing the plaintiff's pleadings to be expanded by oral testimony over objection by defendant.
5. The Trial Court erred in allowing a recovery of an award of damages for embarrassment and humiliation where the plaintiff failed to prove any special or general damages."
Olinde's assigned errors as follows:
"1. The trial court erred in refusing to sustain Olinde's exception of no cause of action filed in response to Piper's damage suit.
2. The trial court erred in refusing to dismiss Piper's damage suit as to Olinde on the basis of no cause of action.
3. The trial court erred in granting Piper any money damages against Olinde.
4. The trial court erred in annulling the default judgment Olinde had obtained against Piper and McGowan.
5. The trial court erred in ordering Olinde to return to Piper those wage garnishment funds seized under execution.

*792 6. The trial court erred in its general charges to the civil jury. It erred particularly in its failure to instruct the jury that the process server was entitled to depend upon declarations made to him by the person answering his inquiry as to the residence of the party upon whom domiciliary service was attempted.
7. The trial court erred in its failure to give defendant Olinde's requested special jury charges Nos. 4, 5, 6, 7, 8 and 9 dealing with the nature, manner, efficacy, validity and presumptive character of service of process and official returns thereon.
8. The trial court erred in its failure to instruct the civil jury that plaintiff had to allege and prove, in order to prevail, that Olinde deprived him of the opportunity timely to present his defenses in the initial civil action against him by some intentional artifice, deception, fraud or ill practice perpetrated upon him by Olinde. See: requested charge No. 10.
9. The trial court erred in its failure to give defendant Olinde's requested special jury charges Nos. 1, 2 and 3 concerning the means by which plaintiff could have authorized his wife or someone else to execute legal documents and purchase furniture and appliances in his behalf and in behalf of the community property regime existing between himself and his wife, and to ratify such documents or purchases.
10. The trial court erred in failing to award Olinde damages on its reconventional demand."
The special jury instructions which Olinde's requested and which the trial judge allegedly did not cover in the court's instructions are briefly and generally included in the assignment of errors.
We do not find fault with the trial judge's failure to instruct the jury as specifically requested by Olinde's. A number of the issues represented were covered in the judge's own instructions to the jury. Although it is difficult to speculate, since the litigants in this case did not reduce their contested issues to an itemized list in a pre-trial conference, we surmise that the reasons the trial judge did not give Olinde's specific instructions regarding purchases for the community of gains existing between the Pipers is due to the fact that Olinde's made no specific allegations on this point in its original answer and reconventional demand. Apparently the trial judge viewed this as a case turning upon whether or not proper service was made upon the defendant and did in fact instruct the jury as to personal service and domiciliary service. We deduct from the verdict of the jury that it did find that defendant Piper in Olinde's suit had not been properly served, because service was accepted by his mother-in-law, Willie Mae McGowan, at a house where defendant did not live and never had lived. Olinde's requested instructions regarding domiciliary service presuppose that defendant either live in the house at which service was made, or had recently lived there.
Olinde has complained that Henry Lee Piper did not attack the lack of service by a direct action as required by R.S. 13:3471(5), but we consider the instant action as a satisfaction of the requirements of this enactment.
"Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null." C.C.P. 1201. The extent to which this tenet is applied is reflected by the following *793 quote: "Knowledge of the existence of an action on the part of the defendant, no matter how clearly brought home to him, cannot supply the want of citation." Nationwide Acceptance Co. v. Alexis, 201 So.2d 21 (La.App.4th Cir. 1967), and cases cited therein. Based on the jury finding of lack of proper service upon Henry Lee Piper, and under the authority of C.C.P. 2002(2), which states "A final judgment shall be annulled if it is rendered: * * * (2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken; or ...." the default judgment of March 11, 1971, in suit number 147,364 of the Docket of the Nineteenth Judicial District Court, entitled Olinde's Hardware and Supply Co., Inc. versus Henry Lee Piper and Willie Mae McGowan, will be annulled.
The said default judgment, of course, stands against Willie Mae McGowan, for she has made no attack on its validity, nor does the record reflect any patent grounds on which such an attack could have been based on her behalf.
With respect to the instant judgment on appeal Willie Mae McGowan's complaint, that the solidary judgment below in favor of Piper and against her was erroneous because Piper made no affirmative allegation of fraud against her, will be upheld. The three allegations made by Piper in this regard are listed below:
"9. Henry Lee Piper has examined the record in Suit Number 147,364, Olinde Hardware & Supply Co., Inc. versus Willie Mae McGowan and Henry Lee Piper, and has seen Olinde Hardware & Supply Company, Inc.'s `Exhibit B' which purports to be a note signed by him and he denies that said note was signed by him and alleges that said note is a forged document and a forgery.
10. Henry Lee Piper never signed any note at Olinde Hardware & Supply Company, Inc. for any purchases and alleges that he was illegally sued on an unlawful suit by Olinde Hardware & Supply Company, Inc. with or without the aid of Willie Mae McGowan and that fraud and ill practices were committed against him by either Willie Mae McGowan and/or Olinde Hardware & Supply Company, Inc. and that neither one of them ever notified him that any action was being taken against him until monies were deducted from his wages at Allied Chemical Corporation under a garnishment.
14. Henry Lee Piper shows that Olinde Hardware & Supply Company, Inc. and Willie Mae McGowan knew that the signature of Henry Lee Piper to said instrument was a forgery and this amounted to error and fraud and ill practices and Olinde Hardware & Supply Company, Inc. and Willie Mae McGowan knew the `contract' and/or `Chattel Mortgage' was not valid because of want of consideration, failure in consideration, forgery error and fraud.'
These allegations make no statement as to how Willie Mae McGowan actually defrauded Henry Lee Piper. There is no allegation that she signed his name to the note for the television set. There is no allegation that Willie Mae McGowan fraudulently accepted service for Henry Lee Piper. Nor does the evidence reveal any fraudulent practices on the part of Willie Mae McGowan. In fact there is no direct evidence to show that Willie Mae McGowan committed any act specifically damaging Henry Lee Piper. Although she did accept service for him in the original suit, there is nothing to suggest that there was any malice in this act. It probably represented *794 ignorance or misunderstanding on Willie Mae McGowan's part, more than anything else. There is no showing either that Henry Lee Piper suffered any damage due to Willie Mae McGowan's conduct except the legal actions ensuing and which are being corrected herein. We, therefore, disagree with the trial court's award to Piper of solidary damages against McGowan along with Olinde.
We interpret the jury's verdict to mean that the award of $2,000.00 represents a return to Piper of the total garnished amount of $1369.13 and a grant of damages in the sum of $640.87. Although the verdict of the jury does not depict this conclusion specifically, the evidence clearly indicates that Piper did experience a degree of inconvenience, anxiety and embarrassment as a result of the seizure of his wages under garnishment. We hold that the record amply warrants and justifies this overplus award of $640.87 as damages in this regard. However, the record does not justify, in our opinion, a judgment in damages of $2,000.00 as well as a return of the garnished sum of $1369.13.
For the foregoing reasons the judgment of the trial court is reversed insofar as said judgment awarded the plaintiff damages against Willie Mae McGowan.
The judgment is amended to the extent that the total judgment in favor of plaintiff, Henry Lee Piper, against defendant Olinde Hardware & Supply Co., Inc. is reduced to the sum of Two Thousand and No/100 ($2,000.00) Dollars, which sum is composed of the total garnished amount of $1,369.13 and $640.87 damages, with legal interest from judicial demand until paid.
In all other respects the judgment is affirmed at the cost of the defendant, Olinde Hardware & Supply Co., Inc.
Affirmed as amended in part, reversed in part, and rendered.