ELLIS, Judge.
In this case, plaintiffs Monochem, Inc., The Borden Company, and United States Rubber Company seek the return of certain amounts of money paid by them to defendant under Order 9085 of the Louisiana Public Service Commission, which was later set aside by the Supreme Court in the case of Monochem, Inc. v. Louisiana Public Service Commission, 247 La. 532, 172 So.2d 670 (1965).
In the trial court, the matter was heard on a motion for summary judgment filed by plaintiffs, and an exception of no cause of action filed by defendant. From a judgment denying the motion for summary judgment, maintaining the exception of no cause of action, and dismissing plaintiffs’ suit, plaintiffs have taken this devolutive appeal.
The allegations of plaintiffs’ petition, which, for the purposes of the exception of no cause of action must be considered as true, are to the effect that plaintiffs own and operate chemical plants near Geismar, Louisiana, and that they receive telephone service from defendant’s Gonzales, Louisiana, telephone exchange. It is further alleged that plaintiffs receive foreign exchange service from the Baton Rouge exchange of Southern Bell Telephone ana Telegraph Company.
It further appears from the petition that in May, 1961, defendant entered into a contract with United Engineers and Constructors, Inc., as agent for petitioners, for telephone service in the Geismar area. Subsequent to the execution of the contract, defendant applied to the Public Service *750 Commission for a foreign exchange charge of $100.00 per month for each foreign exchange telephone in its area, basing its claim on long distance revenue lost due to the presence of the foreign exchange phones.
On March 4, 1964, the Louisiana Public Service Commission entered Order No. 9085, which imposed a $75.00 a month charge on each of said foreign exchange telephones. The matter was litigated and a judgment of the 19th Judicial District Court invalidating the said order was affirmed by the Supreme Court in the Mono-chem case, supra, and became final on March 29, 1965.
The remainder of the petition relates to the amounts of money which plaintiffs claim should be refunded to them.
In support of its exception, defendant relies on Article 6, Section 5 of the Constitution of 1921 which provides:
The orders of the Commission fixing or establishing any rate, fare, toll or charge for any commodity furnished, service rendered, or to be rendered by any common carrier or public utility named herein, or hereafter placed under the control of said Commission, shall go into effect at such time as may be fixed by the Commission, and shall remain in effect and be complied with, unless and until set aside by the Commission, or by a final judgment of a court of competent jurisdiction, in a suit setting aside and annulling the same; provided, however, that if an interlocutory injunction is applied for, and if of opinion that irreparable loss or damage would result to plaintiff unless a temporary restraining order is granted, the judge of the district court having jurisdiction may grant a temporary restraining order, to remain in force only until the hearing and determination of the application for an inter-Cocutory injunction; provided, that no injunction shall issue until after five days notice has been given the Commission.
It argues that, once a rate is set by the Public Service Commission, a utility is required by law to charge that rate until same is set aside, and that the law does not contemplate that any refund be made in the event that the rate should be subsequently reduced or set aside. It further contends that plaintiffs’ proper remedy in such a case as this is by way of injunction, which is provided by the above section for the avoidance of irreparable injury.
Plaintiffs’ contention is that the law of this state does permit the recovery of amounts paid under an illegal order of the Public Service Commission, and that they wopld not have been able to obtain an injunction because they could not have shown irreparable injury. They urge that this court reverse the judgment of the district court and sustain the motion for summary judgment filed by them.
In support of the first contention, appellants cite the case of Southern Bell Tel. and Tel. Co. v. Louisiana Public Service Commission, 183 La. 741, 164 So. 786 (1935). In that case, the Public Service Commission had ordered Southern Bell to make substantial reduction in its rates. Southern Bell opposed the order and applied to the courts for a preliminary injunction on the ground that it would be irreparably injured if the order remained in effect pending the appeal. The irreparable injury alleged was its inability to collect from its subscribers the difference between the higher and lower rates if the court should set aside the order of the Commission. In that case, the injunction was refused on the basis that there was no showing that, if the higher rates were reinstated, the subscribers “would fail to voluntarily pay what they owe”. There is obviously an underlying assumption on the part of the court that an obligation to pay would exist.
Appellants further rely on Article 2301 of the Civil Code, which reads as follows:
“He who receives what is not due to him, whether he receives it through error *751 or knowingly, obliges himself to restore it to him from whom he has unduly received it.”
They further call the attention of the Court to the case of Smith v. Phillips, 175 La. 198, 143 So. 47 (1932), in which the plaintiff was permitted to recover monies wrongfully received by defendants under an executory judgment which was subsequently reversed on a devolutive appeal. They claim that the legal situation in that suit is analogous to the one presently before the Court.
Appellants take the position that it would have been useless for them to have attempted to obtain an injunction, since they would not have been able to show irreparable injury, which they claim to be damage which cannot be adequately compensated or measured by a money judgment.
We feel that plaintiffs’ position is well taken. Irreparable injury is that injury “for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard”.
We feel that the Southern Bell case, supra, clearly indicates that recovery of rates wrongfully charged or paid is contemplated by the laws of this state. The authorities cited by defendant-appellee in this connection, while persuasive, are all from other jurisdictions and cannot be binding on the courts of this state. We further feel that they are inapposite to this case, which is not, in the strictest sense, a rate case. The charge of $75.00 per month per foreign service line which was levied by ■Order No. 9085 was to compensate defendant for loss in revenues as a result of the installation of the lines, and had no bearing whatsoever on services rendered.
For the above reasons, we are of the opinion that the judgment of the district court, insofar as it maintained the exception of no -cause of action, was erroneous.
Appellant also urges that there are no issues of material fact in the case, and that judgment can be rendered on the basis of the pleadings, admissions and affidavits contained in the record.
Appellee contends that there is an issue of material fact with respect to the existence of the contract between itself and United Engineers and Constructors, Inc., which is alluded to in the petition, and refer to an affidavit by its president, Fred N. Banker, Jr., denying that any such contract ever existed.
A review of the record shows that there is no dispute as to the order issued by the Public Service Commission, or as to the fact that it was set aside by the Supreme Court. Neither is there any dispute as to the amounts paid by the plaintiffs to defendant pursuant thereto. Plaintiffs adopted defendant’s figures as to those amounts.
In view of the above, we fail to see the materiality of the existence or non-existence of the contract. In its answer, defendant itself denies the materiality thereof.
We are of the opinion that there exists no dispute as to a material fact, and that plaintiffs are entitled to recover the amounts paid by them to defendant under Order 9085.
Accordingly, the judgment of the district court is reversed and set aside and there will be judgment herein in favor of Mono-chem, Inc., and against East Ascension Telephone Company in the full sum of $2,676.02; in favor of The Borden Company and against East Ascension Telephone Company in the full sum of $2,676.02; and in favor of United States Rubber Company and against East Ascension Telephone Company in the full sum of $4,460.06; all together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.
Reversed and rendered.