PER CURIAM.
Mayor C. Edward Karst appeals the trial court’s preliminary injunction restraining Mayor Karst from holding a public hearing to remove plaintiff Charles M. Waters, Jr. from the Rapides Parish Planning Commission. The trial court’s decision was based on several premises, but we affirm on the basis of the first.
Appellant contends that the provisions of the first paragraph of LSA-R.S. 33:132 authorize Mayor Karst to “remove any member of the commission, after public hearing, for inefficiency, neglect of duty or malfeasance in office.” Alternatively, appellant contends that injunctive relief is not available to plaintiff on the grounds that he has not shown irreparable injury.
*224 LSA-R.S. 33:132 has thirteen paragraphs which we have numbered for reference purposes as follows:
§ 132. Regional planning commission; alternatives of membership and appointment; tenure
1 A regional planning commission shall consist of not less than five members, nor more than nine members, at the discretion of the local legislative bodies, all to be appointed by the chief executives of said municipalities and the governing bodies of said parishes, who may remove any member of the commission, after public hearing, for inefficiency, neglect of duty or malfeasance in office.
2 Members of a commission shall serve without compensation and shall hold no other public office. Of the members of the commission first appointed, one shall hold office for a term of one year, one for a term of two years, and one for a term of three years, one for a term of four years and one for a term of five years. If a regional planning commission consists of more than five members, then the sixth member shall hold office for a term of six years, the seventh member for a term of seven years, the eighth member for a term of eight years and the ninth member for a term of nine years.
3 The successors of the members of a regional planning commission shall be appointed for a term of five years from and after the expiration of the term of their predecessors in office.
4 If a vacancy occurs otherwise than by an expiration of term it shall be filled by appointment for the unexpired term. Such appointment shall be made by the original appointing authority.
5 Alternatively, and solely in “urbanized areas” of more than fifty thousand population as hereinabove defined, a regional planning commission may consist of such members as may be designated by the local legislative bodies creating the commission, provided that the commission shall consist of not less than nine members.
6 If such alternative is exercised, the members of such commission shall serve without compensation and they may hold other appointive or elected public office. The membership of such commission may be composed of a simple majority of appointed or elected public officials holding office in the municipalities and/or parishes represented in the urbanized area, and only in the event of such composition of majority membership shall the chief of the executive branch, if there be any such officer, of any such parish governing body or municipality, and the chief of the legislative branch if there be any such officer of such parish governing body or municipality, serve as members thereof.
7 The director of the Louisiana Department of Highways may serve as a member of such a regional planning commission.
8 The remaining members need not hold other public office, and they shall be appointed by the chief executives of the respective municipalities if municipalities form the whole or a part of a commission, or the governing bodies of the respective parishes if only parishes constitute the membership of a commission.
9 In a membership parish in which any municipalities are situated but which municipalities are not otherwise members of a commission, the governing body of said parish may designate as one of its appointees to the commission the mayor of any of the municipalities therein situated, who shall represent said municipalities of that parish.
*225 10 Of the members of such a regional planning commission first appointed, those not holding any other elected or appointive public office shall hold office therein as follows: One shall hold office for a term of one year, one for a term of two years, one for a term of three years, one for a term of four years, one for a term of five years. If such regional planning commission consists of more than five members not otherwise holding appointive or elected public office, then the sixth member shall hold office for a term of six years, the seventh for a term of seven years, the eighth for a term of eight years and the ninth for a term of nine years.
11 Members of such regional planning commissions who hold other public offices, appointive or elective, including the director of the Louisiana Department of Highways, shall serve terms coextensive with the terms of their other public office.
12 The successors of the regional planning commission member first appointed who do not hold any other appointed or elected public office, shall be appointed for a term of five years from and after the expiration of the terms of their predecessors in office.
13 If a vacancy occurs otherwise than by an expiration of term, it shall be filled by appointment for the unexpired term. Such appointment shall be made by the original appointing authority.
Acts 1956, No. 239, § 2. Amended by Acts 1966, No. 114, § 1; Acts 1968, No. 267, § 1.
The first four paragraphs were enacted in 1956 and contemplated a commission made up of five to nine members who “shall hold no other public office.” Although these four paragraphs were reenacted in the 1966 and 1968 amendments, the remaining nine paragraphs were added in 1966 and altered in 1968. Paragraphs five through thirteen provide for a commission “solely in urbanized areas” with elected officials forming the majority of the membership. The Rapides Parish Planning Commission was created under the provisions of these last nine paragraphs.
Paragraph 11 provides that members “who hold other public offices * * * shall serve terms coextensive with the terms of their other public office.” Paragraph 10 provides staggered terms for first appointed members of a regional planning commission who do not hold any other elected or appointive public office. Plaintiff is serving a three year term under this provision.
There is no provision in paragraphs five through thirteen for removal of Commission members serving Commissions for “urbanized areas.”
For authority to hold the public hearing, Appellant relies on the following provision of paragraph one:
“ * * * the chief executives of said municipalities and the governing bodies of said parishes, * * * may remove any member of the commission, after public hearing, for inefficiency, neglect of duty or malfeasance in office.” (Emphasis added.)
If this gives Mayor Karst authority to hold a public hearing to remove plaintiff Waters, then it also grants Mayor Karst authority to hold a public hearing to remove from the Commission the Mayor of Pineville, the President of the Rapides Parish Police Jury or any of their appointees. Likewise, the Mayor of Pine-ville or the President of the Rapides Parish Police Jury could hold public hearings to remove from the Commission Mayor Karst or his appointees.
We quote the trial judge’s statement on this issue and make it our own:
“This Court cannot believe that the legislature intended that the Mayor of *226 Alexandria or the Mayor of Pineville or the President of the Police Jury acting singly and individually could remove any member of the Rapides Parish Planning Commission, the majority of whom are elected officials.”
Appellant contends that if paragraph one does not apply to the Commission created under paragraphs five through thirteen, then “no members (of an “urbanized area” commission) can be removed at all. If this were the case, the appointing authority would have no control over the representatives of his subdivision, and could be embarrassed by his own appointee’s neglect of duty.”
The statute could have, but did not provide that lay members were to serve at the pleasure of the appointing officer. Plaintiff Waters is a “public officer” as defined by LSA-R.S. 42:1. As such he is subject to removal under provisions of Louisiana Constitution Article 9 Sections 1 and 6.
The remaining issue is: Was injunctive relief available to Waters?
A prerequisite for the issuance of a temporary restraining order and thereafter a preliminary and finally a permanent injunction is a showing that irreparable injury will occur unless a temporary restraining order and preliminary injunction are issued. LSA-C.C.P. art. 3601.
Irreparable injury is that injury for which an injured party cannot be compensated adequately in damages and which damages cannot be measured by pecuniary standards. Dastuque v. Cohen, 14 La.App. 475, 131 So. 746, 761 (La.App.Orls.1930).
Waters has shown that he was appointed to the Rapides Parish Planning Commission in January of 1968 to serve for a period of three years; that he has served since that time and desires to serve his term; that he has engaged counsel for the purpose of defending him and representing him in this matter; that he is a business man who has lived in this area all of his life; that he is active in civic affairs; that the effort by Mayor Karst to remove him has resulted in many requests for statements from the news media; that he has been bothered by the kidding and comments related to this event; and that Mayor Karst is firmly committed to removing Waters from the Commission.
To subject Waters to a public hearing which Mayor Karst has no authority to hold would cause irreparable injury, and Waters is therefore entitled to injunctive relief. See West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968); Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968).
The judgment of the trial court is affirmed. Costs are to be paid by defendant appellant.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.