TUCKER, Judge.
Plaintiffs, James H. Franklin and Dorothy Franklin, bring this suit to nullify a judgment which was rendered against them in the case of Norman R. Foster v. James H. Franklin et ux, No. 56,727 on the docket of the Nineteenth Judicial District Court. They also ask that a judicial sale, made pursuant to a writ of fieri facias issued therein on May 24, 1965, be annulled and set aside. Additionally, plaintiffs pray for a preliminary injunction to prevent defendants from evicting them from the property which was sold at the above judicial sale. Trial was had on the preliminary injunction and judgment was rendered against the plaintiffs, denying same. From that judgment, plaintiffs have appealed.
The law is plain that a preliminary injunction should not issue unless it is necessary to protect the applicant from irreparable injury — C.C.P. Article 3601 et seq. Irreparable injury is that injury “for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard.” See Monochem, Inc. v. East Ascension Telephone Co., 195 So.2d 748 (La.App., 1st Cir., 1967).
Our review of the record in this case does not reveal that the plaintiffs have established an injury justifying the issuance of a preliminary injunction within the above categories. Any alienation or en *688 cumbrance of the property by the defendants would be ineffective if the title by which they hold is stricken with nullity. For that matter it is not always the case that an eviction cannot be measured by a pecuniary standard and compensated in damages.
A considerable portion of the evidence and all of the arguments advanced by the parties relate to the merits of the case. Since no answer has been filed, and no evidence nor testimony heard relative thereto, it would serve no useful purpose to comment thereon.
Since the plaintiffs have failed to show that they may suffer an irreparable injury at the hands of the defendants, they are not entitled to the issuance of the preliminary injunction as prayed for.
The judgment of the trial court is affirmed at appellants’ costs.
Judgment affirmed.