WILLIAMS, Judge.
This appeal by Alva Null as plaintiff in reconvention, is from a trial court’s refusal to grant a preliminary injunction against Leon Wooten. Wooten leased to Null a grocery store building and premises which the latter operated. The portion of the premises between the front of the store and the highway was paved with concrete and had a dual gasoline pump island situated midway. Null decided to convert these pumps to self-service and contracted with Pump Masters, Inc. for the construction. This would require digging a trench in the concrete and drilling holes into the store for the placing of an electric conduit line running from the island to the inside of the building. Soon after construction had begun, Wooten directed its cessation and filed suit seeking an injunction, cancellation of the lease, and damages against Null. Null reconvened seeking damages and a preliminary injunction to halt Wooten’s interference with the construction.
A hearing was had on Null’s rule for a preliminary injunction and the trial court denied injunctive relief. From this decree Null perfected this appeal.
The rule of law is LSA-C.C.P. 3601 which declares:
“An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, “During the pendency of an action for an injunction, the court may issue a temporary restraining order, a preliminary injunction, or both, . . . .”
The trial court found irreparable injury was not proven and with this conclusion we concur. Our jurisprudence supports this decision.
In Waters v. Karst, 235 So.2d 222 (La.App., 3d Cir. 1970) the court declared:
“A prerequisite for the issuance of a temporary restraining order and thereafter a preliminary and finally a permanent injunction is a showing that irreparable injury will occur unless a temporary restraining order and preliminary injunction are issued. LSA-C.C.P. art. 3601.”
[235 So.2d 222, 226]
A definition of “irreparable injury” was stated in Monochem, Inc. v. East Ascension Telephone Company, 195 So.2d 748 (La.App., 1st Cir. 1967):
“ * * * Irreparable injury is that injury ‘for which the injured party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard.’ ”
[195 So.2d 748, 751]
Franklin v. Clemmons, 252 So.2d 687 (La.App., 1st Cir. 1971); Piper v. Olinde’s Hardware & Supply Co., 259 So.2d 655 (La.App., 1st Cir. 1972) and State Board of Education v. National Collegiate Athletic Ass’n, 273 So.2d 912 (La.App., 3d Cir. 1973) are in accord.
This court holds the damages alleged by Null are ascertainable by a pecuniary standard and Null could thereby be adequately compensated.
The trial court’s decree is affirmed at appellant’s cost.