VERON, Judge:
This suit involves an appeal from a permanent injunction granted to plaintiff which restrains defendant from pursuing an arbitration demand brought against plaintiff before the American Arbitration Association.
The parties herein are two Louisiana corpprations: W. E. Parks Lumber Company, Inc., (“Parks”), and Ronald A. Coco, Inc. (“Coco”). The dispute arose out of an arbitration agreement incorporated in a three-party contractual agreement entered into on January 28, 1972. The contract provided that Parks would supply raw lumber to Coco, who would then manufacture it into suitable bedstock for bowling lanes and deliver the product to the Port of Baton Rouge. Parks then agreed to export the manufactured bedstock to Japan, for ultimate sale or use by Takashimaya Company, Ltd. (“Takashimaya”), the third party to the contract.
Upon receiving shipment of the bedstock in Japan, Takashimaya lodged an informal demand against Parks, alleging that the bowling lane lumber did not meet the contractual specifications, and was therefore defective. Parks in turn alleged the defects were caused by Coco’s improper manufacture. Coco countered that Parks had failed to pay for all of the lumber delivered.
Parks then filed a demand for arbitration on March 30, 1973, under the rules of the Japanese Commercial Arbitration Association, naming both Coco and Takashi-maya as parties to the demand. On April 2, 1973, Coco filed a claim for arbitration against Parks with the American Arbitration Association, seeking arbitration in Baton Rouge, Louisiana.
The trial court found that the intent of the parties was that the arbitration clause would require arbitration of disputes only when the Japanese firm was a party to the dispute, and that Parks would suffer irreparable loss or damage if Coco were allowed to proceed with its claim before the American Arbitration Association. Consequently, a permanent injunction was issued, enjoining Coco from continuing with its claim for arbitration. From this ruling, Coco has appealed.
We believe the trial court committed no manifest error in its finding of fact and applied the correct law herein. We therefore affirm.
The “Arbitration Settlement” clause of the contract provided as follows:
“All disputes, misunderstandings, controversies, or differences which may arise between parties, out of or in relation to or in connection with this contract, or for the breach thereof, which cannot be satisfactorily resolved, or settled between the Purchaser-Exporter and Manufacturer shall be settled by arbitration pursuant either to the rules of the United States Arbitration Association or of the Japanese Commercial Arbitration Association, the arbitration rules to be applied and used are the rules of the country against whom the arbitration is sought.”
The words “Purchaser-Exporter” refer to Parks; while “Manufacturer” refers to Coco.
Finding that the wording of this clause could reasonably be interpreted in more than one way, the trial judge resolved the ambiguity by examining the intent of the parties. He concluded that:
“. . . the parties contemplated, actually, arbitration being employed only if the dispute involved the Japanese firm on the one side and ‘Parks’ or ‘Coco’ or both on the other. It does not clearly spell out the necessity of arbitration in a dispute between ‘Parks’ and ‘Coco’. The *927 Court finds that the arbitration provision, clearly included on the insistence of the Japanese firm, requires arbitration when cmd only when it is a party to the dispute.”
(Emphasis added.)
In other words, the trial judge concluded that whenever disputes arose which could not be resolved satisfactorily between Parks and Coco, but which necessarily involved Takashimaya, then arbitration was required under the quoted contractual provision. This interpretation gives full meaning to the arbitration clause, and is strongly supported by the fact that it was Takashimaya that insisted on inclusion of the clause in the contract. In examining the entire record, this fact is the strongest indicator of the intention of the parties at the time of the making of the contract. We therefore see no manifest error in this finding.
Coco contends, however, that the injunction granted by the trial court was improper because no irreparable harm or injury would occur if Coco were allowed to continue with its arbitration against Parks using the American Arbitration Association. Coco’s contention is based upon the assumption that arbitration was required for disputes that arose separately between Parks and Coco, but not involving Takash-imaya. As we noted above, the trial court was not in error in construing the arbitration clause to mean otherwise.
The injunction- issued in this suit was based on a showing that irreparable injury, loss or damage would result as a consequence of the proposed two-party arbitration in America, in accordance with the requirements of LSA-C.C.P. art. 3601. As we stated in Franklin v. Clemmons, 252 So.2d 687 (La.App. 1st Cir. 1971) :
“. . . Irreparable injury is that injury ‘for which the party cannot be compensated adequately in damages or for which his damages cannot be measured by a pecuniary standard.’ See Monochem, Inc. v. East Ascension Telephone Co., 195 So.2d 748 (La.App. 1st Cir. 1967).”
The trial court correctly concluded that Parks would be subjected to irreparable injury should it be required to arbitrate in a proceeding not required by the contract.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs of this appeal assessed to defendant-appellant.
Affirmed.