PRICE, Judge.
This is an appeal from a permanent injunction in favor of plaintiff, Ronald A. Coco, Inc. (Coco) restraining defendant, *516 W. E. Parks Lumber Company (Parks) from pursuing arbitration against Coco using the rules of the Japanese Commercial Arbitration Association.
Both Parks and Coco are Louisiana corporations. They entered into a three-party contract with Takashimaya Company, Ltd. (Takashimaya), a Japanese Corporation relating to the supply, manufacture, and sale of lumber for bowling lanes. The contract was divided into two parts. Part one was entered into between Parks as exporter and Takashimaya as buyer. Parks agreed to cause to be manufactured and to sell to Takashimaya certain yellow pine lumber for use by Takashimaya for bowling lanes according to certain prices, delivery schedules, etc. Part two of the contract containing the manufacturing provisions and specifications was entered into by both Parks and Coco, and was also made a part of the contract between Parks and Takashi-maya.
Part two provides for Parks, called purchaser-exporter, to supply lumber to Coco, called manufacturer, and for Coco to manufacture the lumber in accordance with certain specifications at certain prices and for delivery by Coco to Parks of the manufactured product. Part two contains the following arbitration clause which is the basis of this lawsuit:

“ARBITRATION SETTLEMENT

“All disputes, misunderstandings, controversies, or differences, which may arise between parties, out of or in relation to or in connection with this contract, or for the breach thereof, which cannot be satisfactorily resolved, or settled between the Purchaser-Exporter and Manufacturer shall be settled by arbitration pursuant either to the rules of the United States Arbitration Association or of the Japanese Commercial Arbitration Association, the arbitration rules to be applied and used are the rules of the country against whom the arbitration is sought.”
During the course of performance of the contract Takashimaya advised Parks that some of the lumber was not manufactured in accordance with specifications and withheld payment thereof from Parks. Parks in turn advised Coco of the problem and Parks withheld payment from Coco.
The dispute was not resolved amicably and on March 30, 1973, Parks filed a demand for arbitration with the Japanese Commercial Arbitration Association naming Takashimaya and Coco as respondents. On April 2, 1973, Coco filed a demand with the American Arbitration Association in Baton Rouge naming only Parks as a respondent. On April 10, 1973, Parks sued in the Nineteenth Judicial District Court to enjoin Coco from proceeding with his demand before the American Arbitration Association.
Also, on April 10, 1973, Coco filed the instant suit againt Parks in the Sixth Judicial District Court for Tensas Parish seeking to enjoin Parks from proceeding with the arbitration before the Japanese Association. Coco also filed suit in the Sixth Judicial District Court against Parks for a money judgment for the lumber sold and for damages.
In the suit filed' by Parks against Coco in East Baton Rouge Parish, the district court ultimately rendered judgment enjoining Coco from proceeding before the American Arbitration Association. This judgment was affirmed in W. E. Parks Lumber Company, Inc. v. Ronald E. Coco, Inc., 297 So. 2d 925 (La.App.), writ refused, 302 So.2d 23 (La.App. 1st Cir. 1974).
Judgment was subsequently rendered in the instant suit in Tensas Parish enjoining Parks from proceeding with the arbitration before the Japanese Association.
On appeal, Parks argues that the dispute involves Takashimaya and arbitration proceedings were instituted with the Japanese Association against the Japanese firm and *517 Coco, which is in accordance with the arbitration clause in the contract. Parks further argues that the arbitration proceeding with the Japanese Association is consistent with the holding of the First Circuit in the Parks v. Coco case which held that Coco could not proceed with arbitration against Parks before the American Association.
We cannot agree with either of these positions taken by appellant.
We find the provision of the agreement relating to arbitration of disputes cannot be construed to require that Coco submit to arbitration in Japan. This is true whether the proceeding is brought against Coco alone or in a proceeding also joining the Japanese firm. The language of the arbitration clause clearly provides “the arbitration rules to be applied and used are the rules of the country against whom the arbitration is sought.” By reference to the exhibits in the record, it is made clear that the Japanese Commercial Arbitration Association cannot and will not apply the American Association rules in a proceeding before it. It thus appears, arbitration is not available in the present dispute between Parks and Coco under the provisions of the contract and their differences will necessarily have to be resolved in a court of law. It should be noted that there is presently pending litigation to accomplish this purpose in the Sixth District Court.
Appellant also complains there has been no finding by the trial court of irreparable injury to justify injunctive relief. We find it apparent on the basis of the record that the plaintiff, Coco, would suffer irreparable injury which could not be compensated for in monetary damages if it were forced to submit to arbitration in Japan under the rules of the Japanese Arbitration Commercial Association to resolve its claims against Parks.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s costs.