STOKER, Judge.
South Central Bell Telephone Company filed suit against F. Miller and Sons, Inc., and the State of Louisiana through the Department of Highways, on July 6, 1979. Bell sought a preliminary injunction prohibiting the contractors and the state from driving pilings, digging, draglining, dredging or otherwise conducting operations which could damage telephone company cables crossing the Vermillion River in Lafayette, Louisiana.
F. Miller and Sons, Inc., had signed a contract with the Louisiana Department of Transportation and Development to build a bridge across the Vermillion River at Pin- *265 hook Road in Lafayette. In the contract, dated December 21, 1978, the State had authorized the contractor to commence construction on June 15, 1979.
A meeting of the representatives of the telephone company, F. Miller & Sons, and the Highway Department was held on the second and third of July, 1979. The phone company estimated that the cables could be removed by August 15, and when pressed, moved the date up to August 10. On July 6, Miller informed the phone company that pile driving would begin at 7:00 a. m. on July 9. Because of this action by F. Miller & Sons, South Central Bell filed the present suit.
The trial court issued a temporary restraining order and preliminary injunction on July 10 granting plaintiff phone company the relief it sought. F. Miller & Sons, Inc., was prohibited for ten days from further action at the Pinhook Road crossing of the Vermillion River. On July 23,1979, the district court issued a- judgment enjoining defendant until August 10 from operating in the vicinity of plaintiff’s underground cables.
Defendant makes two assignments of error in this appeal. Defendant claims the trial court erred in: (1) granting a temporary restraining order and preliminary injunction because no “irreparable injury” would have resulted, and (2) in granting a temporary restraining order and preliminary injunction to the telephone company because the company was not the proper party plaintiff.
DID IRREPARABLE INJURY OCCUR?
Controlling statutory provisions in this instance are found in the Louisiana Code of Civil Procedure, article 3601, et seq. Article 3601 provides in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, .
It is well established in the jurisprudence of our state that irreparable injury for which an injunction will lie is that for which an injured party cannot be compensated adequately in money damages, or for which damages cannot be measured by a pecuniary standard. Caffery v. Powell, 320 So.2d 223 (La.App. 3rd Cir. 1975); State Board of Education v. National Collegiate Athletic Association, 273 So.2d 912 (La.App. 3rd Cir. 1973); and Waters v. Karst, 235 So.2d 222 (La.App. 3rd Cir. 1970).
Defendant contends that any damage that might have been caused plaintiff would be easily susceptible of pecuniary evaluation. Therefore, defendant argues, an injunction should not issue. It is true that the damage to the buried and submerged cable, and the cost of repairing that damage, may be readily ascertainable. Irreparable harm, however, would be an indirect result of damage to the cable. It is the damage that could be done to telephone users that cannot be measured in monetary terms.
Harold Bernard, manager of maintenance for the Lafayette District of South Central Bell, testified that there was no way to locate the cable so that it could be avoided. He estimated that if the cable were severed 4,400 phones or about 5,000 customers of South Central Bell, 70% of whom are residential, would be without service for 10 days. In a situation of that type, in which one cannot call for an ambulance or for police or fire protection, the possibility of irreparable harm is very great. The trial judge was correct, therefore, in finding a danger of irreparable harm sufficient to merit the issuing of .an injunction.
WAS SOUTH CENTRAL BELL THE PROPER PARTY PLAINTIFF?
Defendant quotes 43A C.J.S. Injunction, Section 133(b) (1978), for authority that the telephone company is not the proper plaintiff. We find this citation of little value.
Mr. Bernard, the phone company district manager, testified that South Central Bell is the only telephone company serving the area in question. Therefore, it is legally bound to render service to every person who pays his bill. (See LSA-R.S. *266 45:782) Under these circumstances, Bell was a proper plaintiff to seek the injunction. The trial judge in his reasons for judgment cited Corpus Juris Secundum: “Other states have allowed injunctions where there is danger or menace to the public health or safety concerning the supply of electricity, water supply, street railroad, sewerage, etc.” 43A C.J.S. Injunction §§ 133, 134 (1978). We agree that such a situation exists here and that the injunction was proper.
For the above reasons we find the trial court was correct in enjoining defendant, so that South Central Bell could proceed to remove the submerged telephone cables, and thus, prevent irreparable harm to 4,400 people living on the east bank of the Vermillion River.
This case deals only with the propriety of the injunction and does not consider issues of fault or damages.
The costs of this appeal are assessed against appellant, F. Miller and Sons, Inc.

AFFIRMED.