SHORTESS, Judge.
On October 12, 1981, Forrest House Apartments and Bobby L. Forrest (plaintiffs) filed suit against the Louisiana Tax Commission (Commission), alleging that Charles Slay, the Tax Assessor for Rapides Parish (Assessor) had been discriminatory, inequitable, and unfair in assessing their property. The petition asked the court to issue a mandatory injunction[1] ordering defendant to publicly reprimand the assessor and to institute removal proceedings as provided for in La.R.S. 47:1957(G).
Forrest House Apartments is a limited partnership composed of Bobby L. Forrest, Frank G. Sullivan, Jr., John M. Howard and Dolores Costilow Howard and owns an apartment complex on Highway 28 in Pine-ville, Louisiana, known as Forrest House Apartments. Bobby L. Forrest, individually, owns four and one-half acres adjoining Forrest House Apartments.
This controversy originated in 1978 when plaintiffs filed a petition for judicial review of their assessments for the years 1978 and 1979 on the above mentioned property. Plaintiffs, through the prescribed administrative procedures, appealed to the Rapides Parish Police Jury, to the Louisiana Tax Commission, and to the 19th Judicial District Court, alleging that the Assessor had improperly assessed the property. The court ruled that a usufruct which burdened a portion of the property reduced its value, and it remanded the matter for further evidence to the Commission. Ultimately, the court ordered the Commission and the Assessor to adjust the 1978 and 1979 tax rolls after it found the fair market value of plaintiffs’ property.
In 1980, the plaintiffs’ property was reassessed to the figures that existed prior to the adjustments which were made by the court. Upon receiving their 1980 assessment, plaintiffs filed a rule to show cause why the 1980 assessments should not be set aside because the Assessor did not seek court approval before he changed the assessments which had been fixed by the court for the years of 1978 and 1979[2]. The *826 court vacated the rule stating that the Assessor need not seek court approval before changing assessments. Plaintiffs then filed the instant suit for injunctive relief seeking to force the Commission to act pursuant to La.R.S. 47:1957(G) which provides:
“The tax commission shall publicly reprimand any assessor if it shall appear that he is wilfully negligent or unfair in the assessment of property, or in omitting it from the rolls, and if the tax commission deems it necessary, shall institute removal proceedings through the attorney general, for gross misconduct in office.”
The trial court dismissed plaintiffs’ suit, and they contend that the court erred in refusing to grant a mandatory injunction ordering the Commission to publicly reprimand the Assessor and to institute removal proceedings with the Attorney General.
The only issue before us is whether the Commission should be enjoined. The questions of whether or not injunctive relief is available against the Assessor,[3] whether or not the property should be reassessed, or whether or not a tort suit is appropriate[4] are not issues in this suit.
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided for by law. La.C.C.P. art. 3601.
Injunctive relief is a harsh, drastic, and extraordinary remedy and should issue only where the party seeking it is threatened with irreparable loss or injury without adequate remedy at law.[5] Keich v. Barkley Place, Inc., 424 So.2d 1194 (La.App. 1st Cir. 1982).
Irreparable injury for which an injunction will lie is an injury which cannot be compensated adequately in money damages or for which damages cannot be measured by a pecuniary standard. Keich v. Barkley Place, Inc., supra.
The issue thus becomes whether or not plaintiffs have shown that they would suffer irreparable injury,[6] loss, or damage in the absence of injunctive relief. Plaintiffs have not sought to enjoin the Assessor, but rather have attempted to enjoin the Commission. Even if the actions of the Assessor would warrant injunctive relief against him, plaintiffs have not shown that the Commission’s failure to act in accordance with La.R.S. 47:1957(G) has or will result in irreparable injury. Furthermore, *827 plaintiffs have not shown that if the injunction is granted, i.e., if the Commission is forced to publicly reprimand arid institute proceedings with the Attorney General, any alleged irreparable injury will be prevented. Plaintiffs complain that their assessments are too high. However, neither reprimanding the Assessor nor instituting removal proceedings necessarily guarantees that plaintiffs’ present or future assessments will be reduced.
We note the trial judge’s comments that what happened was probably unfair.[7] However, even if the actions of the Assessor caused plaintiffs worry and inconvenience, the courts may not impose the drastic relief sought by plaintiffs on the Tax Commission, because nothing in our law specifically so dictates. We affirm the decision of the trial court at plaintiffs’ costs.
AFFIRMED.

. We note that the writ of mandamus is the action specifically provided for in the Louisiana Code of Civil Procedure to force public officials to perform affirmative acts. La.C.C.P. arts. 3861-3866. However, the trial judge said, “I do not feel that this Court can grant any relief for mandatory injunction, mandamus under R.S. 47:1957(G) in ordering the Tax Commission to perform an act which it has sole discretion in doing.” [Emphasis added] See generally, State v. Louisiana State Board of Barber Examiners, 208 So.2d 369 (La.App. 1st Cir. 1968), writ denied, 210 So.2d 53 (La.1968).

. Plaintiffs did not utilize the procedures as set forth in La.R.S. 47:1931, et seq. and La.R.S. 47:2110, which provide the proper method of contesting assessments and taxes.

. Originally, the Assessor was not a party to this action. Plaintiffs only sought relief from the Commission, i.e., ordering the public reprimand of the Assessor. The Assessor intervened, sought status as a defendant, and prayed that plaintiffs’ suit be dismissed. Compare Waters v. Karst, 235 So.2d 222 (La.App. 3rd Cir. 1970), application not considered, 239 So.2d 173 (La. 1970). Karst, Mayor of Alexandria, Louisiana, wanted to remove Waters from the Rapides Parish Planning Commission and sought to hold a public hearing pursuant to La.R.S. 33:132 for that purpose. The record revealed that Waters had, among other things, been bothered by the kidding and comments surrounding the event. The court held, “To subject Waters to a public hearing which May- or Karst has no authority to hold would cause irreparable injury, and Waters is therefore entitled to injunctive relief.” 235 So.2d at 226.

. Plaintiffs have filed a tort suit against the Assessor which is pending at this time in Rap-ides Parish.

. The trial judge stated, “I do not think there is any question but that procedures are available under R.S. 47:1956, et cetera, where you go through the police jury and ultimately to the Tax Commission...,” and, “[b]e that as it may, the statute does give adequte (sic) remedies.” It is unnecessary for us to determine whether or not the procedures provided for in La.R.S. 47:1931, et seq., and La.R.S. 47:2110 will fully compensate plaintiffs for the time, inconvenience, money, and worry that would accompany the pursuit of these procedures on a yearly basis. The narrow question in this case is whether injunctive relief is available against the Commission, not the Assessor.

.La.R.S. 47:1998 permits an aggrieved taxpayer to have a judicial review of what he considers an illegal assessment. “Even were we to agree this procedure contemplates granting in-junctive relief under certain circumstances (and we do not), it would still be incumbent on plaintiffs to show irreparable injury before they could demand extraordinary relief.” Giraud v. Louisiana Tax Commission, 336 So.2d 1037 at 1040 (La.App. 4th Cir. 1976), writ denied, 339 So.2d 353 (La. 1976).

. “I think certainly that when property should be reassessed, there should be some valid reason for doing so. There certainly should be work sheets showing it is reassessed, whether or not an interstate has come through and the property made more valuable, that there should be certainly salient changes to occur from one year to the next to show why properties should be assessed to a higher value. The way this was done, in my opinion, is suspect, and I say this without casting any aspersion towards the Assessor, but I would think certainly there should be some records made on why you are reassessing any piece of property. When you put it all together, it just does not look kosher, but it is not before me as to whether or not this property should be or should not be reassessed. I think that had the procedures been used to go before the police jury, then ultimately the Tax Commission, if necessary — I don’t think the Tax Commission would have upheld Mr. Slay’s increase.”