STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-912

JENNINGS GUEST HOUSE

VERSUS

JAYME GIBSON

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-271-07
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and James T. Genovese, Judges.

GENOVESE, J., CONCURS IN THE RESULT.

AFFIRMED IN PART; REVERSED AND
RENDERED IN PART.

Harry P. Fontenot, Jr.
Harry P. Fontenot, Jr., APLC
1000 South Huntington Street - Suite D
Sulphur, LA 70663
Telephone: (337) 527-3000
COUNSEL FOR:
    Defendant/Appellant - Jayme Gibson

Kevin D. Millican
Kevin D. Millican, APLC
P. O. Box 1111
Jennings, LA 70546
Telephone: (337) 824-8300
COUNSEL FOR:
    Plaintiff/Appellee - Jennings Guest House

**THIBODEAUX, Chief Judge.**

This case involves the issuance of a temporary restraining order (TRO) obtained by a retirement home, plaintiff-appellee Jennings Guest House, against a terminated employee, defendant-appellant Jayme Gibson (Gibson). Gibson filed a rule to dissolve the TRO and for damages. Prior to the hearing on Gibson's rule, Jennings Guest House voluntarily dismissed the TRO. The hearing on damages went forward, and damages were denied. Gibson appeals. For the following reasons, we affirm the denial of damages and attorney fees but reverse in part and award costs.

## I.

## ISSUES

We must decide:

(1)  whether the trial court erred in granting the plaintiff's TRO; and

(2)  whether the trial court erred in failing to award damages, court costs, and attorney fees to the defendant for wrongful issuance of a TRO.

## II.

## FACTS AND PROCEDURAL HISTORY

On April 5, 2007, Jennings Guest House filed a Petition for Preliminary and Permanent Injunction and/or a Temporary Restraining Order. The petition alleged that Jayme Gibson, a former employee, was accused of taking many of the residents' medications for illegal sale, distribution, and/or consumption. It further alleged that she had become violent on several occasions during her employment and that she continued to harass the staff and residents after her termination. The petition sought to have Gibson "refrain from the property and business of Jennings Guest House for any reason, to refrain calling the Jennings Guest House, and to refrain from

harassing the staff and residents of the Jennings Guest House." Attached to the petition was the affidavit of George Dorr, III, the Guest House's Administrator, averring to the harassment and violence and all allegations as stated in the petition. Also attached to the petition was the affidavit of Kevin D. Millican, attorney for Jennings Guest House, stating that prior notice had not been given to Gibson as it "may cause irreparable harm to the plaintiff and/or his staff because of the defendant's known violent temper." The affidavit then asked for service of the TRO by the Jefferson Davis Parish Sheriff's Office.

The trial court issued a TRO on the date of filing, April 5, 2007, without a bond. Gibson filed a Rule to Dissolve Temporary Restraining Order and for Damages. Therein, she alleged that the TRO was wrongfully issued and asked for damages including attorney fees, court costs, and damages for mental anguish and inconvenience. All requests were denied.

III.

## LAW AND DISCUSSION

### Standard of Review

The trial court has great discretion in granting or denying injunctive relief; thus, the appellate court will not disturb its determination without proof that the trial court manifestly abused its discretion. *El Paso Field Serv., Inc. v. Minvielle*, 03-1293 (La.App. 3 Cir. 3/3/04), 867 So.2d 120. An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). A reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier

2

of fact it would have weighed that evidence differently. *Housely v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. *See Rosell*, 549 So.2d 840.

## Wrongful Issuance of TRO

Gibson contends that the trial court erred in issuing the TRO against her because Jennings Guest House: (1) failed to present specific facts by supporting affidavit that immediate and irreparable injury would occur before a hearing on the matter; (2) failed to meet the burden of proof on the face of the petition; (3) failed to give Gibson notice; (4) failed to exhaust all legal remedies before seeking an injunction; and (5) failed to furnish bond. Gibson further assigns as error that the trial court erred in not awarding damages for the wrongful issuance of a TRO.

Louisiana Code of Civil Procedure Article 3601 provides in pertinent part as follows:

> A. An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant . . . .
>
> . . . .
>
> C. During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.

Irreparable harm or injury generally refers to a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. *Robbins v. State, Through State Land Office*, 97-671 (La.App. 3 Cir. 12/17/97), 704 So.2d 961, *writ denied,* 98-176 (La. 3/20/98), 715 So.2d 1214. In the present case,

3

the petition and the administrator's affidavit stated that Gibson was accused of taking the residents' drugs, that she had been violent, that she had been terminated, and that she continued to harass the residents and staff. While the petition and affidavit of plaintiff's representative do not use the terminology "irreparable injury," they allege facts showing past violence, past loss, and continuing harassment sufficient to show that irreparable injury, loss, or damage might result if the TRO were not issued. Therefore, the face of the petition and the affidavit of plaintiff's representative meet the burden of proof of irreparable harm, and Gibson's first two assertions are without merit.

With regard to advance notice of a TRO before service is delivered, La.Code Civ.P. art. 3603 provides in pertinent part as follows:

> A. A temporary restraining order shall be granted without notice when:
>
> (1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and
>
> (2) The applicant's attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
>
> B. The verification or the affidavit may be made by the plaintiff, or by his counsel, or by his agent.

In the present case, the attorney for Jennings Guest House, Mr. Millican, attached his affidavit to the petition specifically stating that Gibson had not been notified because "prior notice may cause irreparable harm to the plaintiff and/or his staff because of the defendant's known violent tempter." Accordingly, Gibson's third assertion is without merit.

4

We have interpreted La.Code Civ.P. art. 3601 to mean that the party seeking injunctive relief must be without any other adequate legal remedy. *El Paso Field Serv., Inc.*, 867 So.2d 120. Gibson asserts that Jennings Guest House did not avail itself of the other available legal remedies, such as having her arrested for trespass. She even suggests that having her arrested for simple battery or simple assault would have been remedies if she had truly been violent in the past. In the first place, we think that it is ludicrous to suggest a remedy more invasive and more inconvenient than a restraining order, which incarceration would surely be. This is not a case of restraining Gibson from making a living or selling her property. The restraining order in this case simply required her to stay away from a business where she no longer worked. Moreover, we note that under remedies requiring an arrest, once Gibson obtained her release while awaiting trial on such criminal charges, she would once again be available to harass elderly residents and employees at Jennings Guest House.

Gibson has suggested no other appropriate or adequate legal remedy, and we can think of none, that would compensate elderly residents who have been robbed of their medications or upset by violent behavior or outbursts, which could cause serious injury in the elderly. This assertion is equally without merit.

Gibson next asserts that it was error to grant the restraining order without a requirement of bond. Louisiana Code of Civil Procedure Article 3610 provides in pertinent part as follows:

> A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. The security shall indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained. However, no security is required when the applicant for a temporary restraining order or preliminary or permanent

5

injunction is seeking protection from domestic abuse, dating violence, stalking, or sexual assault.

In the present case, the trial judge stated at the hearing that she thought about this issue but could think of no financial loss involved in simply staying away from a certain place. Such may be true in this case. However, the posting of security is a statutory requirement, and the trial court erred in not requiring security in some amount. Because we find that the trial court should have required Jennings Guest House to post a security bond in some amount, we will award court costs to Gibson, even though the TRO was voluntarily dismissed, and the judge signed the dismissal two days before the hearing on the matter.

However, having said that, we find no error in the trial court's denial of damages in this case, which is Gibson's final assertion. An award of damages and attorney fees is discretionary under La.Code Civ.P. art. 3608, which provides:

> The court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand. Attorney's fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.

In the present case, Gibson cited cases from the 1800's for the proposition that she was entitled to the highest exemplary damages, stating that her reputation had been "massacred" and her standing in her profession jeopardized. However, the record reveals that after leaving Jennings Guest House, Gibson was given additional hours at the other nursing home that simultaneously employed her. Accordingly, we fail to see anything in the record that indicates an abuse of discretion on the trial court's part in denying damages and attorney fees. In the present case, the restraining order simply required Gibson to stay away from the nursing home where

6

she was no longer employed. The record reveals no property rights or any other stated rights that needed protecting.

When Gibson's attorney contended that his client had been defamed, the court stated that that was another lawsuit. We agree. With regard to Gibson's claim that she was entitled to damages for mental anguish, the Louisiana Supreme Court stated in *Arco Oil & Gas Co., A Div. of Atlantic Richfield Co. v. DeShazer*, 98-1487 (La. 1/20/99), 728 So.2d 841, that damages for mental anguish are recoverable based on the wrongful issuance of injunctive relief only in the presence of special circumstances involving outrageous or egregious conduct. Such is not the case herein.

IV.

**CONCLUSION**

We affirm the trial court's denial of damages and attorney fees under the facts of this case, but reverse on the issue of costs. We, therefore, award costs of the trial and appellate proceedings to Jayme Gibson.

**AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**