MAX N. TOBIAS, JR, Judge.
11The relator, the Louisiana State Board of Dentistry (“the Board”), seeks review of four decisions of the Civil District Court that reversed four interlocutory orders of the Board’s disciplinary committee chairman in administrative disciplinary proceedings against the respondent and petitioner in the district court, a dentist licensed by the Board. Because disciplinary proceedings against a licensed dentist are confidential until the Board officially rules against the dentist and releases its findings and imposition of discipline, we hereafter refer to the dentist who is being investigated by the letters “DDS.” Additionally, we note that contrary to the customary practice to place the name of the petitioner in the trial court first in the caption of a pleading, something DDS was and did, the Board, in seeking this court’s review, has reversed the order in the caption.
For the most part, the underlying facts relating to the charges against DDS are immaterial to our consideration of the issues before this court; the issues are essentially legal.
|2We first note that a presumption exists that the Board will follow the law and will act in good faith in making a decision impartially based only upon the evidence before.
In pertinent part, La. R.S. 37:786 states:
*794 A. (1) Where the board, whether through a disciplinary committee or the entire board, renders a decision in an administrative adjudication, the party aggrieved by it may resort to the civil district court for the parish of Orleans for judicial review. Any such appeals shall be filed in the court in the same manner as original suits are instituted therein. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
(2) Petitions for judicial review of interlocutory administrative decisions shall be filed within fifteen days of the ruling at issue.
(3) A petition for judicial review of a final decision of the disciplinary committee shall be filed within thirty days of the mailing of the final decision by the agency or, if a rehearing is requested, within thirty days after the mailing of the notice of the decision thereon. A copy of the petition for judicial review shall be served upon the agency and all parties of record. [Emphasis supplied.]
* * ⅜
Our understanding of this statute is that a person must allege with specificity irreparable injury in order to state a cause of action when questioning a preliminary, procedural, or intermediate action or ruling of the Board (the “agency” under the statute).[3] DDS alleged irreparable injury in its petitions filed |swith the Civil District Court. We do not find that DDS can file a suit in the Civil District Court when the interlocutory decision is made by the disciplinary committee, rather than the whole Board, before a final decision of the Board.
Although the statutes regulating the Board do not define what constitutes “irreparable injury” or irreparable harm, we hold that the standard is the same as that relating to temporary restraining orders and preliminary injunctions under La. C.C.P. arts. 3601, et seq. Thus, “irreparable injury” or “irreparable harm,” refers to a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. La. R.S. 37:786.1; *795 La. R.S. 49:964; Pennington v. Drews, 209 La. 1, 24 So.2d 156 (La.1945); Hibernia National Bank v. Blossman, 583 So.2d 5 (La.App. 4th Cir.), writ denied, 589 So.2d 1067 (La.1991); Jennings Guest House v. Gibson, 07-912 (La.App. 3 Cir. 12/5/07), 971 So.2d 506; Forrest House Apartments v. Louisiana Tax Commission, 433 So.2d 824 (La.App. 1st Cir.), writ denied, 441 So.2d 210 (La.1991); Brannan v. Talbot, 29,692 (La.App. 2 Cir.), 691 So.2d 848, writ denied, 97-1419 (La.9/19/97), 701 So.2d 172; Lassalle v. Daniels, 96-0176 (La.App. 1 Cir.), 673 So.2d 704, writ denied, 96-1463 (La.9/20/96), 679 So.2d 435, cert. denied, Daniels v. Lassalle, 519 U.S. 1117, 117 S.Ct. 963, 136 L.Ed.2d 848 (1997); Maynard Batture Venture v. Parish of Jefferson, 96-649 (La.App. 5 Cir. 12/30/96), 694 So.2d 391.
We discuss the underlying issues below, recognizing that the comments sound in dicta, do not constitute law of the case, and are not res judicata of the matters discussed. The comments are made to give the parties guidance.
The disciplinary committee ruled that (a) previous consent decrees against DDS could be received in evidence at DDS’s hearing before the disciplinary committee; (b) DDS had to submit to a third deposition; (c) the Board did not have to produce to DDS one of its expert’s original report; and (d) the Board did not have to produce a privilege log of any documents that it asserted were privileged.
The trial court reversed each of the four decision of the committee.
Both the Louisiana Administrative Procedure Act, La. R.S. 49:956, et seq., and Board Rule 925 state that an agency “may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in conduct of their affairs” and “may exclude incompetent, irrelevant, immaterial, and unduly repetitious” evidence. The current case against DDS will be determined ultimately on the evidence presented in the disciplinary hearing, the committee’s view of the evidence, and the Board’s decision whether to impose a penalty upon DDS. Receipt of such evidence will not cause DDS irreparable injury and the Board’s ultimate decision is reviewable by the Civil District Court |sand by our appellate courts. Further, that which DDS formally agreed to in consent decrees is analogous to nolo contendere or Alford[4] pleas in criminal cases. If the former consent decrees to which DDS agreed relate to similar acts which the board is currently investigating, such decrees have relevancy, but are not determinative of any wrongdoing in the matter being investigated.
Whether a party to a disciplinary proceeding is ordered to submit to multiple depositions falls within the sound discretion of the trier of fact, in this case the administrative disciplinary board. In substance, DDS just does not want to submit to a third deposition because it will inconvenience him. We note that prior depositions of DDS were taken during the investigative phase of the complaint against him and were mostly directed to whether sufficient evidence existed to proceed further. La. R.S. 37:760(7); cf. La. R.S. 37:779 B.
DDS attempts to demonstrate his complete compliance with La. C.C.P. art. 1425, entitling him to the expert’s report and asserts that the failure to produce the report will cause him irreparable injury.[5] *796 The ultimate imposition of any penalty on DDS by the Board is subject to judicial review.
Finally, if one has produced all relevant documents to an opposing party, the need to produce a privilege log becomes a vain and useless effort. If no privileged documents exist, no need exists to produce a privilege log; it would be a waste of | fitime for one to produce a document that says, in effect: “Privilege Log. No documents.”
We hold that DDS has failed establish that he will suffer irreparable injury by virtue of the disciplinary committee’s interlocutory decisions. Each decision if erroneous can be adequately compensated in money damages or measured by a pecuniary standard. The Board’s final decision is reviewable by the courts of this state, both trial and appellate. Only in the most extraordinary situation should a court interfere in the orderly administrative interlocutory decisions of the Louisiana State Board of Dentistry.
For the foregoing reasons, the application for supervisory writs of the Louisiana State Board of Dentistry is granted. Judgment is rendered reversing the decisions of the Civil District Court that reversed the four interlocutory decisions of the Board’s disciplinary committee discussed above respecting the complaint against DDS.
WRIT GRANTED; REVERSED.

. We note a similarity between La. R.S. 37:786 A and La. R.S. 49:964 A, the general statute dealing with review of administrative agency decisions. La. R.S. 49:964 in pertinent part states:
A. (1) Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
(2) No agency or official thereof, or other person acting on behalf of an agency or official thereof shall be entitled to judicial review under this Chapter.
B. Proceedings for review may be instituted by filing a petition in the district court of the parish in which the agency is located within thirty days after mailing of notice of the final decision by the agency or, if a rehearing is requested, within thirty days after the decision thereon. Copies of the petition shall be served upon the agency and all parties of record. [Emphasis supplied.]
The distinction between the two statutes, if one exists, appears to be that under La. R.S. 49:964, the intent is directed to appellate review only at the final decision stage. See Metro Riverboats, Inc. v. Louisiana Gaming Control Board, 01-0185 (La.10/16/01), 797 So.2d 656. We address only La. R.S. 37:786 in this opinion.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. We note that disclosure of an expert's written opinion facilitates and expedites a hearing and ought to be disclosed pursuant to La. C.C.P. art. 1424. Nevertheless, the failure to *796 order the disclosure, although not in strict compliance with procedure is civil trials, does not mandate that an administrative proceedings may not adopt a different procedure that is rationally based.