186 So.2d 900 (1966)
COMMERCIAL CREDIT PLAN, INCORPORATED, Plaintiff-Appellee,
v.
Mrs. H. W. PERRY, Defendant-Appellant.
No. 6660.
Court of Appeal of Louisiana, First Circuit.
May 9, 1966.
Rehearing Denied June 14, 1966.
*901 Walton J. Barnes, Baton Rouge, for appellant.
Donn Moss, of Hebert, Glusman & Moss, Elayn Hunt, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
BAILES, Judge.
On July 11, 1963, H. W. Perry obtained a loan of money from the plaintiff in the amount of $1654.65, according to duplicate original chattel mortgage in the record, and he executed a promissory note in the amount of $2234.88, secured by a chattel mortgage on certain household effects. His wife, Mrs. H. W. Perry, defendant herein, signed the promissory note as a co-maker. On March 9, 1964, defendant's husband filed a petition to be adjudged a bankrupt, and on the 11th day of June, 1964, he was granted a discharge in bankruptcy.
The plaintiff herein filed suit against defendant, Mrs. H. W. Perry, and recovered a judgment against her, individually, on this promissory note she had signed as co-maker with her husband. The amount of this judgment is $2110.72, together with interest thereon at the rate of 5 per cent per annum from January 20, 1964, until paid, plus 25 per cent on the total amount of both principal and interest as attorney's fees and for all costs of this suit. Also plaintiff's chattel mortgage on certain household effects was recognized and maintained. This judgment is dated April 21, 1965.
Subsequently, plaintiff filed a supplemental petition making defendant's employer, State of Louisiana, Casualty & Surety Division, garnishee. Plaintiff also caused a writ of fieri facias to be issued which directed the Sheriff of East Baton Rouge Parish to seize and take into his possession all the property, rights and credit which he can find belonging to defendant, Mrs. H. W. Perry, to pay and satisfy the said judgment. Plaintiff also directed certain written interrogatories to the garnishee.
In answer to the written interrogatories, the State of Louisiana, Casualty & Surety Division, stated defendant was employed by it at a monthly compensation of $260. On the basis of the answers of garnishee, the trial court rendered judgment in favor of plaintiff ordering the garnishee to withhold twenty per cent of the defendant's earnings of each regular pay period, and to pay over the withheld amount to the Sheriff of East Baton Rouge Parish, the same to remain in effect until the full amount of the judgment in favor of plaintiff and against defendant was paid in full. This judgment was dated May 18, 1965.
*902 On May 31, 1965, a motion to dissolve the garnishment was filed by defendant and her husband wherein the following allegations of fact were made: That Mrs. H. W. Perry is now and was at the time of the confection of the promissory note sued on the wife of and living with Harold Wayne Perry; that the obligation sued on was a community obligation from which Harold Wayne Perry, as head of the community, was discharged in bankruptcy; that the earnings of mover, Mrs. H. W. Perry, is a community asset, not subject to garnishment for the extinguishment of a personal, separate and paraphernal debt of the wife. After hearing on this rule to dissolve the garnishment, the trial court denied the motion.
Defendants appeal from this ruling of the trial court.
There can be no valid dispute that when Mrs. Perry signed the promissory note payable to plaintiff she signed as a co-maker individually and not as agent for the community of acquets and gains which existed between her and her husband, nor that her husband and the community of acquets and gains were discharged of the debt represented by the promissory note executed by him by the discharge in bankruptcy. Accordingly, our discussion of the subject of this litigation will be based on the following premise. The judgment obtained by the plaintiff against defendant, Mrs. H. W. Perry, is the obligation of her separate estate; that she was and is now the wife of H. W. Perry and residing with him; and that the community debt owed to the plaintiff has been discharged in the bankruptcy proceeding heretofore completed.
The question before us can be simply stated as this: Can the wages of the wife, who lives with her husband, be garnished under a writ of fieri facias to satisfy a judgment entered against her alone and which is an obligation of her separate estate?
LSA-C.C. Article 2402 provides:
"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone: `provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.'"
The jurisprudence of this state is replete with case after case holding the earnings of a wife who is living with her husband is community property. In Fazzio v. Krieger (1954) 226 La. 511, 76 So.2d 713, the Supreme Court stated: "[1] In this state it is too well settled to need comment that the salary of a wife who is living with her husband is community property. Articles 2402, 2334, Civil Code; Houghton v. Hall, 177 La. 237, 148 So. 37; Succession of Howell, 177 La. 276, 148 So. 48; De Maupassant v. Clayton, 214 La. 812, 38 So.2d 791."
As this obligation, the judgment, is a debt owed by the separate estate of the wife it is just as though it was contracted anterior to the marriage, and it must be acquitted out of the separate estate of the wife. It is not a community obligation to be paid out of community funds.
Plaintiff argues Article 1005 of the Code of Civil Procedure states a discharge *903 in bankruptcy is an affirmative defense which must be pleaded. That is correct, however, it is not a defense of the defendant, Mrs. Perry, for the reason she did not file a petition in bankruptcy nor has she received a discharge of this separate obligation.
Plaintiff also contends the law presumes an agency relationship between the community as principal and the wife as agent in situations where the wife contracts debts during the marriage, citing Keyser v. James, La.App., 153 So.2d 97. Plaintiff is quite correct in stating the law of the presumption of agency, however, in the instant case the defendant wife did not sign the note as agent for the community nor was she sued by the plaintiff in any agency relationship to the community. She was sued individually and a judgment against her separate estate was rendered. Furthermore there would have been no reason for the wife to have executed the promissory note as agent for the community. Her husband was acting for the community in his execution of the note.
Plaintiff makes this argument. Assuming the community debt was discharged in bankruptcy, under the theory of ownership by the wife of her share of the community property at the very instant it is acquired, plaintiff is entitled to attach and garnish her share of the community property in satisfaction of her debt, citing Beatty v. Vining, 147 So.2d 37, La.App., 2nd Cir. Clearly this cited case is not apropos to the question before us in instant case. The court, in the cited case, had before it the question of the validity of an act of partition entered into between former community partners. Plaintiff also cites Godchaux v. United States, D.C., 102 F.Supp. 266. In this Godchaux case, the court was concerned with whether the wife was entitled to claim as an income tax reporting deduction one-half of the alimony payments made by her husband to a former wife. The court held for the taxpayer. The reasoning of the court is not applicable to the instant case.
While it is true in Louisiana the wife is the owner of one-half of the community of whatever it consists, and that her interest is not just a mere expectancy, but in truth and in fact a true ownership, nevertheless this ownership however perfect it may be thought to be, it is burdened and encumbered with the absolute and unfettered administration of the husband for as long as the community remains intact, and the wife, during the existence of the community cannot exercise any of the indicia of ownership apart from her husband's administration. This most effectually places the wife's one-half interest in the community beyond the reach of her separate creditors.
This brings us to a consideration of damages sought by defendant, H. W. Perry, for the wrongful seizure of the community assets under the garnishment proceedings.
Under LSA-C.C.P. Article 3506, defendant-mover, H. W. Perry, is entitled to recover damages for the wrongful issuance of the writ. In the absence of proof of actual damages, we will award damages for the attorney's fees for the services rendered in connection with the dissolution of the writ and recovery of the wages seized. We believe an award of $300 is justified.
For the foregoing reasons, the judgment of the trial court is reversed and the judgment of the trial court granting plaintiff garnishment of the salary of Mrs. H. W. Perry payable by the State of Louisiana, Casualty & Surety Division, is hereby recalled, vacated, annulled and set aside. Further there is judgment herein in favor of defendant, H. W. Perry, and against plaintiff in and for the full sum of $300, together with legal interest thereon from May 18, 1965, until paid, and for all costs of these proceedings for the dissolution of the garnishment proceeding.
Reversed and rendered.