AYRES, Judge.
The garnishee was commanded to show cause why funds in its hands allegedly belonging to plaintiffs judgment debtor should not be paid to plaintiff, the judgment creditor. From an adverse judgment plaintiff appealed.
Plaintiff, Allied Finance Company, after obtaining judgment against the defendant, Harry Eugene Rogers, caused The First National Bank of Shreveport to be made garnishee. Usual interrogatories making inquiry as to what funds or other property were in the hands of or under the control of the garnishee were propounded to and answered by the garnishee. The answers disclosed that the garnishee had on deposit in a checking account in the name of “Gene Rogers” the sum of $1.02; in the name of “Gene Rogers and J. R. Cook — Wigs,” the sum of $1.25; and, in the name of “Gene Rogers Hair Styling,” the sum of $633.95. The latter two accounts were declared to have been opened by and were to be drawn upon only by Fannie B. Heard, C.P.A. The garnishee further declared it had no knowledge of the ownership of these two accounts and, for lack of information, denied that defendant, Harry Eugene Rogers, was the owner of or had any interest in them, Accordingly, it was prayed that the garnishee be discharged from further liability in connection with the garnishment proceedings.
Alleging that the “Garnishee has answered admitting holding funds deposited to the judgment debtor, but states only an accountant has the right to make withdrawals,” and charging that the funds belonged to its debtor, plaintiff sought and obtained a rule not only against the garnishee but against the C.P.A. directing them to show cause why the funds held by the garnishee should not be paid to the judgment creditor. As we construe garnishee’s answers to the interrogatories, there is an admission that defendant is the owner of the account wherein there is a balance of $1.02. However, there was no admission, but rather a specific denial, of the debtor’s ownership of or interest in the other two accounts. As to these, the garnishee’s answers were not traversed. Hence the seizure as relates to these has become ipso facto released, for it is declared in LSA-C.C.P. Art. 2414:
“Unless the creditor files a contradictory motion traversing the answer of the garnishee within fifteen days after service upon him of the notice of the filing of the garnishee’s answer, any property of the judgment debtor in the possession of the garnishee and any indebtedness to the judgment debtor which the garnishee has not admitted holding or owing shall be released from seizure.”
Moreover, it may be appropriate to observe that on trial of the motion on its merits the evidence does not preponderate in establishing that these two latter accounts were funds owned by or in which the judgment debtor had an interest. The evidence is unconvincing. The record establishes that, while the judgment debtor did at one time operate the business known as Gene Rogers Hair Styling, it experienced financial difficulties following which Mrs. Mary *402 M. Whittaker advanced funds for its incorporation, which was eventually accomplished with the judgment debtor having only one share of stock. In the meantime, it would appear that Mrs. Whittaker was operating the business, the proceeds from which were deposited by her in person or for her by the public accountant, and that all withdrawals were made on the authority of Mrs. Whittaker. Defendant testified that he was employed on a salary at the rate of $35 per week.
No question has arisen as to the disposition of the funds in the first of the aforesaid accounts. The judgment will, however, be amended to provide for their payment.
For these reasons, the garnishee is directed to pay to plaintiff, Allied Finance Company, the sum of $1.02 on deposit to the credit of the judgment debtor, and, as thus amended, the judgment appealed is affirmed at plaintiff-appellant’s costs.
Amended and affirmed.