250 So.2d 816 (1971)
MINTZ & MINTZ, INC.
v.
Dennis COLOR.
No. 4454.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
*817 Michael D. Zelden, Zelden & Zelden, New Orleans, for plaintiff and defendant in reconvention and appellant.
Robert J. Hobbs, New Orleans, New Orleans Legal Assistance Corp., for appellee and plaintiff in reconvention.
Before SAMUEL, CHASEZ and LEMMON, JJ.
CHASEZ, Judge.
A default judgment was taken by Mintz & Mintz, Inc. (Mintz & Mintz), plaintiff and defendant in reconvention, now appellant, against their debtor, Dennis Color (Color), on January 30, 1967 in the amount of $512.67 in the Civil District Court for the Parish of Orleans. Dennis Color was served at 1018 Verret Street, Algiers, Orleans Parish. Mintz & Mintz was unable to satisfy the judgment through garnishment because of a pre-existing garnishment against Color.
Thereafter, in February of 1967 the Orleans Parish judgment was made executory in the 24th Judicial District Court, Parish of Jefferson. Garnishment interrogatories were propounded to the Jefferson Parish School Board, the employer of Ena Catherine Francis, the alleged wife of Dennis Color, and her wages were eventually garnished.
After Dennis Color died, Ena Francis filed a motion to set aside the garnishment of her wages and for back payments of garnished wages to be returned to her, which motion was attacked as an unauthorized use of summary proceedings. Shortly thereafter she filed an incidental and reconventional demand seeking return of her garnished wages, coupled with a claim for damages for wrongful garnishment, mental anguish and damage to her reputation and character.
On February 4, 1969, by order of the District Court of Jefferson Parish, the garnishment was stopped and at the trial on the merits in September of 1969, judgment was rendered in favor of Ena Catherine Francis in the sum of $577.00; $327.00 *818 was stipulated as the amount due for the return of the garnished wages and $250.00 damages was awarded for loss of her wages and humiliation. From this judgment Mintz & Mintz prosecuted this appeal.
Mr. Louis Powell, Credit Manager for Mintz & Mintz, testified that when Dennis Color opened the account he furnished certain information to them, among which were the facts that he was living at 1018 Verret Street in Algiers and had been living there for about nine months and, prior to that, he had lived at 112 Seventh Street, Gretna, Louisiana, where he resided for approximately ten years before moving to the Algiers address. Mrs. Powell also stated Color informed him his wife's maiden name was Ena Francis and that she was employed at West Jefferson High School.
Mr. Powell testified that after the garnishment attempt on Dennis Color proved unsuccessful the wages of Ena Francis were then garnished.
Mrs. Ena Francis admitted having lived with Dennis Color without benefit of matrimony for approximately fourteen years. However, she categorically denied ever having been married to Dennis Color. She further stated they had lived at 112 Seventh Street, Gretna, where she had lived for seventeen years, including the years after Dennis Color stopped living with her. She denied ever having lived at 1018 Verret Street in Algiers. She denied ever buying anything at Mintz & Mintz, or ever having been to their store. She testified she had never represented to Mintz & Mintz, their attorney, or to anyone else that she was the wife of Dennis Color.
The trial court found that Ena Francis was never legally married to Dennis Color and was not legally obligated to pay his debts, a finding with which we completely agree. There can never be a community of acquets and gains between concubines, even secret concubines holding themselves out as married. Heatwole v. Stansbury, 212 La. 685, 33 So.2d 196 (1947); Sims v. Matassa, La.App., 200 So. 666 (1st Cir. 1941).
Mintz & Mintz has asserted Ena Francis should be liable for the debt because of the doctrine of equitable estoppel. They assert that Ena Francis' wages were garnished from April, 1967 until January, 1969, a period of nearly 20 months. They allege that she took no steps to oppose the garnishment until shortly after Dennis Color died, on or about October 12, 1968. Appellant concludes that upon the above stated facts, Ena Francis should be estopped to deny the validity of the garnishment.
Equitable estoppel was defined in Calhoun v. Huffman, La.App., 217 So.2d 733 (3rd Cir. 1969) as follows:
"* * * the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Founded upon good faith the doctrine is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations, or silence. From, Montague v. Weil & Bro., 30 La.Ann. 50; Shirey v. Campbell, 151 So.2d 557 (La.App. 2d Cir., 1963), and citations therein."
There are three elements of the doctrine, namely, representation by a party, reliance on that representation and a change of position to the detriment of the other party.
We find no representation made by Ena Francis to Mintz & Mintz that she was the wife of Dennis Color. The only representation made was by Dennis Color that Ena Francis was his wife, made in a credit application nearly a year and a half prior to the garnishment. The fact is that Mintz & Mintz should have been put on notice that Dennis Color and Ena Francis *819 were perhaps not married, or perhaps separated, when it sought to garnish her wages. Color was sued in Orleans Parish, Ena Francis resided in Jefferson. Their names were different, their addresses were different, their parishes of residence were different. In its answers to the garnishment interrogatories propounded to it the School Board stated that Ena Catherine Francis was employed by it, not Mrs. Dennis Color or Ena Catherine Francis, wife of Dennis Color.
In summary, we find no misrepresentation by Ena Francis. Perhaps there was by Dennis Color, but this is of no consequence as to an allegation of estoppel against Ena Francis. In order to raise an equitable estoppel on the basis of reliance, the record must establish not only that the pleader relies upon a representation but also that he was justified in so doing. Calhoun v. Huffman, supra. There were enough factors present so as to sufficiently warn Mintz & Mintz that Ena Francis might not be the wife of Dennis Color, hence, they were not justified in relying on any representation. Finally, as to changing their position to their detriment, we are at a loss as to how Mintz & Mintz suffered. They collected money to which they were not entitled and if anything it was to their advantage rather than to their detriment.
We conclude the garnishment of Ena Francis' wages by Mintz & Mintz, without their having obtained a judgment against her was not authorized by law, especially considering all the other attendant circumstances. She is thus entitled to some damages for the wrongful garnishment, for when garnishment proceedings are wrongfully issued the seizing creditor is liable for damages actually sustained by the owner of the property wrongfully seized. Commercial Credit Plan Incorporated v. Perry, La.App., 186 So.2d 900 (1st Cir. 1966); Personal Finance, Inc. v. Simms, La.App., 148 So.2d 176 (1st Cir. 1962).
For the assigned reasons the judgment in favor of plaintiff in reconvention, Ena Francis, and against defendant in reconvention, Mintz & Mintz, Inc., in the sum of Five Hundred Seventy-seven and no/100 ($577.00) dollars, with legal interest from date of judicial demand and for all costs is affirmed. Costs of appeal assessed to appellant, Mintz & Mintz, Inc.
Affirmed.