333 So.2d 686 (1976)
HOMEMAKERS LOAN AND CONSUMER DISCOUNT COMPANY
v.
Delores T. ARTHUR.
No. 7491.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
*687 Clark & Odenwald, Maurice E. Clark, Jr., New Orleans, for plaintiff-appellant.
Pierre Valcour Miller, New Orleans, for defendant-appellee.
Before SAMUEL, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Defendant-in-rule, Homemakers Loan and Consumer Discount Company (Homemakers), appeals from a judgment dissolving a garnishment of mover-in-rule's, Delores T. Arthur's, wages, and awarding damages and attorney's fees. The garnishment followed a May 26, 1970 judgment in favor of Homemakers, based on a default on a promissory note, which had been discharged in bankruptcy.
Defendant's husband, Edward DeWitt Arthur, was discharged in bankruptcy on June 21, 1971. The judgment in favor of Homemakers was included in the husband's discharge. On February 23, 1973, defendant also was discharged in bankruptcy and Homemakers' judgment was included in this discharge. Thereafter, on November 15, 1973, the original judgment in Orleans Parish in favor of plaintiff, was made executory in Jefferson Parish. On January 23, 1974, defendant's employer, the Jefferson Parish School Board, was made garnishee.
The trial judge, in well-considered reasons for judgment, concluded that since the discharges in bankruptcy included plaintiff's judgment against defendant, the garnishment was not properly issued. Accordingly, the trial judge dissolved the writ of garnishment, returned the sum of $1,625.52 deducted and awarded plaintiff-in-rule $1,000.00 in damages and $500.00 in attorney's fees. The trial judge further concluded that a subsequent reaffirmation of the debt did not afford the creditor the right to issue a garnishment based on the reaffirmed debt, because the creditor had not obtained a new judgment. We agree.
We reject Homemakers' contention that following the discharge in bankruptcy, a garnishment may issue based on a reaffirmed debt, without the necessity of a new suit being filed. Homemakers' theory that a bankruptcy discharge is only a bar to enforcement of the debt,[1] and that a reaffirmation of the debt removes the bar to enforcement, is without merit.
*688 Even if the reaffirmation and acknowledgement were sufficient to constitute a promise to pay the discharged debt, as claimed by Homemakers, prior to the issuance of a garnishment or prior to any attempt to execute for nonpayment of the debt, a creditor is compelled to obtain a new judgment based upon nonpayment of the reaffirmed debt. See Irwin, supra.
We find no merit in Homemakers' further contention that since Delores Arthur, at the time the original loan was made, falsely represented her marital status as separated, she is estopped from claiming that community assets cannot be seized for the payment of a separate debt. Delores Arthur's representation of her marital status is immaterial. Both mover-in-rule and her husband were discharged in bankruptcy. Under the circumstances, the wife's earnings could not have been seized for either a separate or a community debt.
Homemakers' contention that the trial judge erroneously awarded plaintiff-in-rule $1,625.52, representing wages withheld pursuant to the garnishment writ, and that the true amount of wages garnished by the Jefferson Parish School Board totalled $927.86 is without merit.
An internal auditor for the Jefferson Parish School Board testified that the sum of $1,625.52 represented the total amount of garnished wages withheld through October, 1974. This figure was corroborated by documentary evidence which indicated that the $1,625.52 amount was deducted from Delores Arthur's check. Under the circumstances, we cannot say that the trial judge erred in concluding that plaintiff-in-rule was entitled to a refund in the sum of $1,625.52.
We reject also Homemakers' contention that the $1,000.00 general damage award to Delores Arthur for the loss of use of the funds garnished by the school board, general inconvenience, embarrassment and humiliation was unwarranted. Arthur testified that because of the garnishment, she was unable to secure funds from the school board's credit union. As a result, she was forced to borrow funds from a finance company which charged an interest rate higher than that of the school board's credit union.[2] Delores Arthur also stated that she could not meet her outstanding obligations to the Louisiana Credit Association because of the amounts garnished, resulting in a demand for payment by an attorney.
Awards for inconvenience, anxiety and embarrassment caused as a result of the wrongful issuance of a garnishment writ are compensable items of damages. See Piper v. Olinde's Hardware & Supply Company, Inc., 276 So.2d 788 (La.App. 1st Cir. 1973), affirmed, 288 So.2d 626 (La. 1974). Under the circumstances, we cannot say the trial judge erred in awarding $1,000.00 in general damages. Nor do we find that the $500.00 award for attorney's fees is excessive.[3]
The judgment is affirmed.
AFFIRMED.
NOTES
[1] It is true that under our jurisprudence, it is well settled that the obligation of a bankrupt to pay a debt from which he has been discharged is only a moral obligation, and that a discharge in bankruptcy serves as a bar to the legal enforcement of the discharged debt. See O'Neill v. D. H. Holmes Co., 232 So.2d 849 (La.App.4th Cir. 1970) and Irwin v. Hunnewell, 207 La. 422, 21 So.2d 485 (1945).
[2] A Federal disclosure statement, introduced into evidence, indicated that plaintiff-in-rule paid an annual percentage rate of 27.53% to the finance company.
[3] In Commercial Credit Plan, Incorporated v. Perry, 186 So.2d 900 (La.App.1st Cir. 1966), $300.00 attorney's fees were awarded in connection with the dissolution of a writ of garnishment. See also LSA-C.C.P. art. 3506.