KLIEBERT, Judge.
On January 24, 1978, the First National Bank of Commerce, (hereafter Bank of Commerce) plaintiff-appellant, obtained a judgment in the First Parish Court, Parish of Jefferson, against Richard J. Boutall, defendant-appellee, in the amount of $626.95 plus interest, attorney fees and costs. Subsequently, on April 27,1979, pursuant to the provisions of CCP Articles 2411 thru 2413, the Bank of Commerce filed a petition in the Second Parish Court of Jefferson to have the judgment made executo-ry and the First National Bank of Jefferson Parish (hereafter First National) made a garnishee. Simultaneously, it filed a supplemental petition with written interrogatories attached and obtained an order making the First National bank a garnishee and ordering them to respond to the interrogatories under oath in five days. The order and interrogatories were served on First National on or about May 5, 1979.
The interrogatories served on First National included the following question:
“Have you not in your hands, on deposit or under your control, not exempt by law from seizure, any money, rights, property or effects of any description belonging to the defendant herein? If yes, state what it consists of and how much.”
In response to this question, on May 10, 1979, First National replied:
*1195 “In answer to Interrogatory No. 3, garnishee says that it is favored with checking account No. 086-385-6 in the name of Richard J. Boutall Spc with a balance of $40.84 subject to a contractual charge of $10.00, leaving an available balance of $30.84 which it is holding under this garnishment. Garnishee is also favored with checking account No. 086-386-7 in the name of Richard J. Boutall Trust & Escrow with a balance of $5.54 which it is holding under this garnishment; however, garnishee does not know whether or not this account is subject to seizure.”
Subsequently, on May 23, 1978, Bank of Commerce filed a rule entitled “Rule to Traverse Garnishment Answers” against First National, containing the following allegations:
“That the answers given are false and evasive;
That the mover is entitled to and desires an accounting and judgment against said garnishee for the full amount herein sued upon, together with reasonable attorney’s fees for the filing of this rule.”
The rule was set for hearing on June 8, 1979. On June 5, 1979 First National answered the rule averring that it was willing to pay the sum of $40.84 being held in the Richard J. Boutall Spc account but not the $5.54 in the Richard J. Boutall Trust & Escrow Account unless it was judicially determined to contain monies belonging to Boutall.
On June 8,1979, Boutall in proper person, filed a motion entitled “Motion to Remove Garnishment for Preliminary Injunction and for Damages for Wrongful Seizure”. In this motion, he alleged that both accounts contained money held in trust, escrow or other fiduciary capacities for persons other than Richard J. Boutall. He alleges the action of the Bank of Commerce constituted a wrongful seizure which caused him to sustain damages of $3,506.00. A hearing on the rule was had on June 26, 1979. Following the submission of briefs, on November 13, 1980, the trial judge rendered judgment granting a preliminary injunction prohibiting the First National bank from paying and the Bank of Commerce from receiving the funds in the accounts and ordered the annullment and recall of the garnishment proceeding. Additionally, damages of $3,506.00 were awarded in favor of Richard J. Boutall and against the Bank of Commerce. The Bank of Commerce appealed.
On appeal, the Bank of Commerce argues that the trial judge erred in granting the injunctive relief in annulling the garnishment proceeding and in annulling and recalling the seizure, and in awarding damages for a wrongful seizure. Alternatively, it argues that the damage award of $3,506.00 was excessive.
Although not for the reasons argued by the appellant, we agree the preliminary injunction was improperly issued. CCP Article 3610 provided in pertinent part as follows:
“A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law ...” (Emphasis Supplied)
Under the article, the trial court can only order the issuance of a preliminary injunction without the necessity of posting of security where the posting of security is specifically dispensed with by law. Here the court did not fix the amount of security for the issuance of the preliminary injunction, nor was any posted. Since there is no dispensation from the posting of security in a situation like the present one, the injunction was improperly issued. However, this is of no moment in deciding whether the trial judge properly concluded there was a wrongful seizure.
At the commencement of the hearing on Boutall’s rule, counsel for the Bank of Commerce stated (and in his brief on appeal here contends) the seizure of the Richard J. Boutall Escrow and Trust account was released sometime after the rule to traverse answers to the interrogatories had been filed. Nowhere in the record do we find anything which supports counsel’s statement or contention. To the contrary, the *1196 record shows that the writ of fieri facias was not returned by the Sheriff to the Clerk until May 5, 1980, apparently in accordance with the requirement of CCP Article 2294 for upon return it was marked “Writ returned expired”. Further, under the provisions of CCP Article 2411, where a garnishment issues under a writ of fieri facias “the seizure shall take effect upon service of the petition, citation and interrogatories”. Hence, the seizure of both accounts was effective when the service was made on the First National Bank on or about May 5, 1979 and was not released until annulled and recalled by the trial judge on November 13, 1980.
Counsel for the Bank of Commerce argues that the procedure followed in effecting the seizure and the garnishment were proper. The trial judge apparently concluded and we conclude proper procedures were not followed. In pertinent part, CCP Article 2414 provides as follows:
“Unless the creditor files a contradictory motion traversing the answer of the garnishee within fifteen days after service upon him of the notice of the filing of the garnishee’s answer, any property of the judgment debtor in the possession of the garnishee and any indebtedness to the judgment debtor which the garnishee has not admitted holding or owing shall be released from seizure. A new seizure may be made of such property or indebtedness by filing a supplemental petition and serving additional interrogatories.”
Here the answer to the interrogatories given by the garnishee clearly puts the Bank of Commerce on notice that the garnishee was uncertain as to the ownership of the funds contained in the accounts under seizure. Although the Bank of Commerce had the right under CCP Article 2414 to release the seizure or traverse the answers given by the First National Bank, it did not do so. Instead, it filed a rule traversing the answers and combined it with a contradictory motion (See CCP Article 2413) for the First National Bank to show cause why it should not be cast in judgment for the full amount of the claim because it gave “false and evasive” answers to the interrogatories. Since a rule to traverse the answers was filed, there was no automatic annullment of the seizure. See Allied Finance Co. v. Rogers, 215 So.2d 400 (La.App., 2nd Cir. 1968). The issue of whether the answers were “false and evasive” raised by the rule to traverse was not submitted to the court by either bank because the First National Bank answered the rule offering to pay to the Bank of Commerce the funds contained in the account “Richard J. Boutall, Spc.” and refusing to pay over the funds in the account entitled “Richard J. Boutall, Trust and Escrow” unless judicially determined to belong to Boutall.
The issue as to the ownership of the funds in the account were presented to the trial judge by the judgment debtor, Boutall, when he sought to have the seizure recalled and annulled as a wrongful seizure. Now, counsel for the Bank of Commerce concedes it had no right to maintain the seizure on the account entitled “Richard J. Boutall, Trust and Escrow”, and although unsupported by the record urges that it did in fact release the seizure on this account. Counsel also contends the trial judge erred in concluding the funds in the account entitled “Richard J. Boutall, Spc.” did not belong to him and therefore erred in annulling and recalling the seizure. The only evidence in the record as to ownership of the funds is the uncontradicted testimony of Boutall that the funds in both accounts belonged to his clients and were entrusted to him because he was performing work for them and that both accounts were and had been regularly used as fiduciary accounts and not for personal or other purposes. Based on this evidence the trial judge found the funds in both accounts did not belong to the judgment debtor, Boutall, and hence concluded the seizure was wrongful. We cannot say he erred in that conclusion.
In Mid-State Homes v. Bice, 361 So.2d 275 (La.App., 1st Cir. 1978), Judge Covington said:
“Our jurisprudence has been consistent in awarding damages, including general damages for embarrassment, inconven *1197 ience and worry, for wrongful seizures (whether under executory process or writ of fieri facias). Escat v. National Bank of Commerce in New Orleans, 284 So.2d 832 (La.App. 4 Cir. 1973).
and in Homemakers Loan and Consumer Discount Co. v. Arthur, 333 So.2d 686 (La.App., 4th Cir. 1976), this court held that “awards for inconvenience, anxiety and embarrassment caused as a result of the wrongful issuance of a garnishment writ are compensable items of damages”. A wrongful garnishment by a judgment creditor is answerable in damages. Mintz and Mintz, Inc. v. Color, 250 So.2d 816 (La.App., 4th Cir. 1971); Commercial Credit Plan, Inc. v. Perry, 186 So.2d 900 (La.App., 1st Cir. 1966); Personal Finance Inc. v. Simms, 148 So.2d 176 (La.App., 1st Cir. 1962).
Here, the uncontradicted testimony of Boutall showed that substantially all of the funds in the account labeled “Richard J. Boutall, Spc.” belonged to the Crescent City Model Railroad Club and was held in trust by him for the payment of expenses to be incurred in staging a convention in New Orleans. As a result of the seizure the First National Bank refused to honor a check drawn on the account. According to Boutall’s testimony, this incident caused him embarrassment and loss of reputation in the community in general. At the time of the seizure the Bank of Commerce had full knowledge Boutall was an attorney at law and that attorneys acting as fiduciaries often have bank accounts which are used solely in a fiduciary capacity. Immediately after the seizure, the Bank of Commerce was placed on notice the accounts were something other than personal accounts of the judgment debtor. However, instead of releasing the seizure, the judgment creditor filed a combination rule to traverse answers to interrogatories and a rule against the garnishee to show cause why it should not be cast in judgment for the amount of the indebtedness. In our view, the purpose of the rule was to intimidate the garnishee into paying the funds to it.
The fiduciary account of the attorney is as necessary a tool and as integral a part of the practice of his profession as is his library. To deprive him of the use of such an account is a substantial embarrassment and humiliation amongst his clients and peers, particularly where as here, it is a young attorney attempting to establish his reputation in the community. Additionally, since the Bank of Commerce did not release the seizure when it was informed of the nature of the accounts, to his inconvenience, Bou-tall was required to expend his time and effort to have the seizure annulled and recalled and thus remove the source of the embarrassment. Also, during the period the accounts were under seizure, Boutall could not use the fiduciary accounts to serve his clients.
In the Mid-State v. Bice case, supra, the court awarded general damages of $1,000.00 and attorney fees of $500.00 for the wrongful seizure and $1,500.00 for mental anguish over the claim for breach of contract. Here the trial judge’s award includes the $6.00 bank charge on the check the First National bank refused to process because of the seizure and $3,500.00 in general damages. The trial judge has a wide discretion in awarding damages and under the standard of review set by the Supreme Court, his award is not to be disturbed unless there is an abuse of discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). We cannot say the trial judge abused his discretion here. He may well have felt and believed as we do that although garnishments under a writ of fieri facias are routine court matters, handled for the most part on printed forms, serious consequences can flow from their wrongful use and hence should not be treated lightly. Accordingly, the judgment of the trial judge is affirmed. All costs of appeal to be borne by the appellant.
AFFIRMED.