PLOTKIN, Judge.
Plaintiff Pavlos Mihalogiannakis seeks damages for wrongful garnishment of his property by defendant Lyman L. Jones Jr. Additionally, he contests a judgment awarding Jones costs of defending his legal malpractice claim which was dismissed by the trial court, as well as a judgment denying him many of the costs he claims for defense of Jones’ reconventional claim in defamation which was also dismissed. Facts:
Mihalogiannakis engaged the services of defendant Jones, who is an attorney, to bring a redhibition action in First City Court based on the sale of a used car against David Smythe. After a trial on the merits, Mihalogiannakis’ suit against Smythe was dismissed by the trial court, and Mihalogiannakis instructed Jones to appeal the decision. However, Jones, who believed he had 60 days, failed to file the appeal within the 10 days allowed for appeals from decisions of First City Court.
Thereafter, Mihalogiannakis, representing himself, filed the instant suit in small claims court, seeking recovery for damages caused by Jones’ alleged legal malpractice in failing to timely file the appeal. Jones filed an answer and reconventional demand for defamation and attorney’s fees, claiming that the malpractice claim caused damage to his professional reputation. Because the reconventional claim was beyond the jurisdiction of the small claims court, *308 the case was transferred to the regular docket of First City Court under the provisions of LSA-R.S. 13:5206. After a trial on the merits, both the original suit and the reconventional demand were dismissed with costs by a judgment dated January 23, 1989, which made plaintiff liable for all costs of the legal malpractice suit and defendant liable for all costs of the defamation claim. On January 24, 1989, plaintiff appealed the dismissal of the legal malpractice claim devolutively; this court has affirmed. Mihalogiannakis v. Jones, 555 So.2d 677 (La.App. 4th Cir.1990).
On March 23, 1989, defendant Jones filed a motion to tax costs of defending the legal malpractice claim with an attached judgment into the record of this case. On March 27, the trial judge signed the judgment, which condemned Mihalogiannakis to pay $378 in attorney’s fees and costs, without holding a hearing or giving Mihalogian-nakis an opportunity to contest the charges claimed by Jones.
On April 13, the First City Court, at the request of Jones, filed a writ of Fieri Faci-as and garnishment interrogatories against the Greater New Orleans Homestead. When the homestead admitted that it held a bank account in Mihalogiannakis’ name, the account was frozen. When Mihalogian-nakis was informed of the garnishment by the bank, he filed a motion to enjoin the garnishment, which was denied by the trial judge on April 17. Plaintiff then filed a motion and order to appeal the denial of the motion to enjoin the garnishment, which the trial court denied on April 21, claiming that the court lacked jurisdiction to consider the matter because of the devol-utive appeal pending in the case.
Mihalogiannakis filed an application for a writ of mandamus in this court, seeking to enjoin the garnishment. On May 25, 1989, this court granted plaintiff’s writ, stating that the trial court was not divested of jurisdiction to hear the garnishment issue. The court stated as follows:
Because relator raises due process issues of notice and an opportunity to be heard, and since the trial court did not conduct a hearing on this matter, we remand for that purpose. Any stay of the garnishment should be sought from the trial court in connection with that hearing.
On June 2, 1989, before a hearing was held as required by this court’s decision, Jones filed another motion against Greater New Orleans Homestead as garnishee, seeking release of the $375 in frozen funds. In addition, Jones filed an order against the garnishee, which included a clause setting “a hearing on the Motion and Order against Garnishee” for June 9, 1989.
At the June 9, 1989 hearing, Mihalogian-nakis’ request that the garnishment proceeding be vacated was denied, as well as his request for damages for the wrongful garnishment. He was given an opportunity to contest the costs. The trial judge instructed Mihalogiannakis to go through the record in the legal malpractice case and compare it to the defendant’s list of costs. The judge agreed to eliminate any cost not supported by the record. After a break in the hearing, Jones’ attorney admitted that three of the charges listed were not supported in the record and stated that the true amount owed by Mihalogiannakis was $344, not the $378 claimed. The judge asked Mihalogiannakis if he agreed to that amount, and the plaintiff stated as follows: “No, I object to all filing fees of the defendant as well as the attorney’s fees. Of course, I will comply with your ruling.” Although Mihalogiannakis continued to object to some of the charges, he wrote a check for $378 ($344 plus 10 per cent) at the end of the hearing in return for Jones’ agreement to remove the garnishment. Jones filed a motion to quash the garnishment on June 21, 1989, twelve days after the hearing.
On June 9, Mihalogiannakis filed a motion to tax Jones the costs for defending the defamation case. At the June 9 hearing, Mihalogiannakis attempted to argue his motion, but the trial judge set the motion for hearing on June 16. Sometime prior to the hearing on June 16, Jones filed a response to the plaintiff’s motion, which was not received by Mihalogiannakis until he arrived for the June 16 hearing. After considering the motion and the response, *309 the trial court awarded Mihalogiannakis $16.25 for defense of the reconventional claim at the trial court level, rather than the $119 claimed by Mihalogiannakis. Additionally, the trial court denied Mihalogi-annakis’ motion for $113.70 in costs required to bring the writ of mandamus, saying this court had failed to award costs.
Mihalogiannakis appeals, seeking damages for the alleged wrongful garnishment, as well as review of the trial court’s award of costs to both the plaintiff and defendant.

Garnishment

La.C.C.P. art. 1920 provides as follows:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
A rule to show cause is defined in La.C. C.P. art. 963, which provides as follows:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
Although the defendant in the instant case was clearly entitled to payment of costs, the amount of the costs to be taxed to the plaintiff was not clear when the trial judge signed the judgment ex parte. By reference to the above articles, it is obvious that the judgment was improperly signed. La.C.C.P. 963, paragraph 2, provides explicitly that written motions for orders to which the mover is not clearly entitled require supporting proof. Therefore, the motion must be served on the adverse party and tried contradictorily. This conclusion is supported by a reading of La.C.C.P. art. 1920 with the third paragraph of La.C.C.P. art. 963. Article 1920 states specifically that all costs are to be taxed in a rule to show cause. Paragraph 3 says that rules to show cause are contradictory motions.
In the instant case, the plaintiff claims that he was never formally served with the defendant’s motion to tax costs. Defendant’s attorney claims that she mailed a letter stating the costs due to the plaintiff return receipt requested; however, the defendant does not contest plaintiff’s claim that he was never formally served with the motion. Plaintiff argues, correctly, that he was not bound to pay the amount defendant claimed in his letter until after costs had been set at a contradictory hearing. No contradictory hearing was held until June 9. Therefore, since the judgment for costs against plaintiff was improperly signed, the garnishment order which was derived from that judgment was also improper.
When the plaintiff filed the motion to enjoin the garnishment, the trial judge responded by saying he lacked jurisdiction to decide the issue because of the pending devolutive appeal. However, the trial judge apparently believed that he did retain jurisdiction to impose the judgment for costs and allow the garnishment proceedings to begin, despite the appeal. Additionally, the trial judge refused to vacate the garnishment even after he was informed by this court that he did have jurisdiction to decide that issue. A review of the transcript reveals that the trial judge refused to even consider the plaintiff’s request that the garnishment be vacated during the June 9 hearing. Both the refusal to enjoin the garnishment prior to this court’s decision on the writ of mandamus and the refusal to vacate the garnishment after the decision were error.
The defendant could have legally enjoined plaintiff’s account at the homestead office only after a contradictory hearing and a decision from the trial court on the correct amount of costs due. Since the plaintiff paid all costs immediately after the trial court’s decision on this issue on June 9, his account should never have been garnished. For that reason also, the garnishment was improper.
*310 When a judgment creditor wrongfully garnishes property, he is answerable in damages to the owner of the property wrongfully seized. First National Bank of Commerce v. Boutall, 411 So.2d 1193, 1197 (La.App. 4th Cir.), writ granted 414 So.2d 1250 (La.), rev’d on other grounds 422 So.2d 1159 (La.1982). The plaintiff does not claim any actual damages in the instant case. He does claim damages for loss of use of the' funds seized, inconvenience, mental distress, embarrassment, and injury to. his reputation, which are compen-sable items of damages in wrongful garnishment cases. Homemakers Loan & Consumer Discount Co. v. Arthur, 333 So.2d 686 (La.App. 4th Cir.1976). In view of the small amount of money involved in this case, we find that $1000 in damages is sufficient to compensate Mihalogiannakis for his damages.

Jones’ Entitlement to Costs Against Mi-halogiannakis

Because Mihalogiannakis’ legal malpractice action against Jones was dismissed, the trial court properly cast Mihalo-giannakis with costs in that action. After the June 9, 1989 hearing, the court ruled, that Mihalogiannakis owed Jones $344 in costs and attorney’s fees to defend the claim.
Plaintiff contests payment of many of the fees itemized by the plaintiff in his motion to tax costs, on the basis of LSA-R.S. 13:5209, which provides as follows:
A. A plaintiff who files a complaint in a small claims division shall be deemed to have waived his right to appeal unless the complaint is removed as provided in Subsection B below or is transferred as provided in R.S. 13:5206 above.
B. A defendant shall be deemed to have waived his right to appeal unless, within the time allowed for filing an answer to the complaint, he files a written motion seeking removal of the action to the ordinary civil docket of the court in which the complaint is filed, which motion shall be granted forthwith.
C. Upon removal as provided in Subsection B of this Section, a plaintiff shall not be required to pay for additional costs beyond those due under this Part; any such additional costs as may be lawfully assessed shall be paid by the defendant mover; the plaintiff, if judgment is rendered against him, shall not be cast in such costs.
(Emphasis added.)
The plaintiff claims that he is entitled to the benefits of LSA-R.S. 13:5209(C) because the defendant in this case transferred his case, which was filed in small claims court, to the regular civil court docket. Application of the above statute to this case would significantly reduce plaintiff’s liability for costs because fees in small claims court are limited to $35 per defendant, plus a $10 fee for the Judges’ Supplemental Compensation Fund, plus a fee up to $20 for each additional subpoena and each additional service.
However, plaintiff misconstrues the above statute. By the express terms of LSA-R.S. 13:5209, the plaintiff is entitled to the benefits of Subsection C of the statute only if the defendant removes a small claims court suit to the regular docket under the provisions of Subsection B of that part. When a suit is transferred for other reasons, as in the instant case, costs are not limited by LSA-R.S. 13:5209(C). In this case, defendant Jones transferred the suit under the provisions of LSA-R.S. 13:5206, which provides for removal because of a reconventional demand beyond the jurisdiction of the small claims court. Therefore, the trial judge correctly taxed plaintiff for costs of the defense of the legal malpractice suit proven by the defendant. Since plaintiff does not contest the validity of any of the plaintiff’s charges for which he was ultimately cast in judgment, we affirm on this issue.

Mihalogiannakis’ Entitlement to Costs Against Jones

Since Jones’ reconventional demand for defamation and attorney’s fees against Mihalogiannakis was dismissed, the trial court properly cast Jones in judgment for costs of that claim. Mihalogiannakis filed a motion to tax costs, accompanied by an itemized list of alleged costs, totalling $119. *311 The trial court allowed him only $16.25, $7.50 for his answer to the reconventional demand and $8.75, one-half the cost the plaintiff claimed for filing and service of a subpoena duces tecum. The court issued reasons for judgment in which he stated that many of the other items claimed by Mihalogiannakis were disallowed because they were actually spent in furtherance of the plaintiff’s legal malpractice claim, rather than in defense of the defendant’s recon-ventional claim. Specifically the court found that costs for photocopies were inappropriate because the photocopies were made for Mihalogiannakis’ private use. Additionally, the judge found that the clerk of court failed to charge the plaintiff a filing fee for a subpoena for which he sought recovery of $7.50. The judge stated that he halved the fee for the filing and service of the subpoena duces tecum because the subpoena ordered Jones to produce documents that were used to prove both the original and the reconventional demand.
In relation to this issue, Mihalogiannakis claims that he was not provided a copy of Jones’ response to his motion to tax costs prior to the June 16 hearing, despite the fact that the response was submitted to the court earlier. The plaintiff claims that he was thus denied an opportunity to rebut the arguments presented in plaintiff’s memorandum. In his brief to this court, Mihalogiannakis attempts to rebut plaintiff’s arguments presented in the response, especially in regard to charges for photocopies and the defendant’s argument that no motion was heard on December 16, 1988. The plaintiff also attached photocopies of receipts, including a photocopy of a receipt for $15 from the Clerk of Court dated 1/9/89.
We note that the record of the original and reconventional demands is not before us on appeal. Therefore, it is impossible for us to review the trial court’s findings concerning costs spent by Mihalogiannakis pursuing his own cause of action against Jones as compared to costs spent in defense of Jones’ cause of action against him. Additionally, despite Jones’ argument in his response that some of the costs claimed by Mihalogiannakis were related to a December 16, 1988 hearing, which Jones claims was never held, the trial court disallowed the costs on other grounds, namely that they were not related to the defense of the reconventional demand. Finally, Mihalogi-annakis’ submission of photocopies of receipts attached to his brief to this court is insufficient to prove that the trial court was manifestly erroneous in denying the costs claimed. For those reasons, we are unable to say that the trial judge abused his discretion in awarding Mihalogiannakis only $16.25 rather than the $119 claimed for defending the reconventional demand.
However, the trial court’s denial of costs for the filing of the writ of mandamus was' improper. Under the provisions of La.C.C.P. art. 1920, costs are to be paid by the party cast in judgment. Since Mi-halogiannakis’ application for writ was granted by this court, Jones was the party cast in judgment. Even when a judgment is silent as to costs, the party cast in judgment is responsible for costs as a matter of law. See Lewis v. Macke Bldg. Services, Inc., 524 So.2d 16 (La.App. 5th Cir.), writ denied 532 So.2d 131 (La.1988).
In his response to plaintiff’s motion to tax costs, the defendant cited La.C. C.P. art. 2164, which gives an appellate court the right to tax costs against any party, arguing that since this court’s judgment on the writ was silent as to costs, Mihalogiannakis is not entitled to recover the costs of the writ. However, the provisions of article 2164 are designed simply to reinforce article 1920, not to change the law as established by that article. It does not change the general rule that when a judgment is silent as to cost, they are to be taxed to the party cast in judgment. Since the defendant did not contest the award of costs for the writ on any other grounds, we amend the trial court’s judgment to award Mihalogiannakis $113.70 for the cost of the writ of mandamus.

Conclusion

The trial court judgment is amended to award Pavlos Mihalogiannakis $1000 in *312 damages against defendant Lyman L. Jones Jr. for the wrongful garnishment of his account at Greater New Orleans Homestead. The judgment is further amended to award Mihalogiannakis $113.70 costs for the writ of mandamus. In all other respects, the judgment is affirmed. Costs of this appeal are to be borne by the defendant Jones.
AFFIRMED AND AMENDED.