I/WILLIAMS, Judge.
The plaintiff, Stephanie Duggan, appeals two judgments in favor of the defendants, Bossier Federal Credit Union (“BFCU”) and Anthony Bruscato. The district court granted defendants’ exceptions of venue and signed two separate judgments; one purported to transfer the action and the second dismissed the lawsuit without prejudice. For the following reasons, we affirm the granting of the exceptions of venue and the dismissal of this action without prejudice.
FACTS
In March 1996, Stephanie Duggan obtained a loan of $13,025.53 from BFCU for the purchase of an automobile. In September 1997, Duggan obtained a consumer *171 loan of $2,997 from BFCU. In March 1999, BFCU filed suit against Duggan in Webster Parish for collection of the consumer loan. In November 1999, BFCU filed a petition for executory process against Duggan in Ouachita Parish for the automobile loan. BFCU sought the appointment of a curator in the Webster and Ouachita Parish actions, alleging that Duggan’s whereabouts were unknown.
Duggan was involved in an auto accident in March 2000 and notified BFCU that the vehicle was a total loss. BFCU settled the property damage claim with Duggan and her insurer, U.S. Agencies, which sent payment of $5,333.79 directly to BFCU. According to Duggan, BFCU did not notify her of the pending lawsuits at that time. BFCU seized and sold the salvage from the auto accident and applied a credit of $506.65 to Duggan’s debt.
In November 2000, BFCU filed a petition for deficiency judgment alleging that Duggan owed $4,697 on the auto loan. In December 2000, | ¡¡Duggan learned of a “repossession” on her credit report and signed a contract with Bruscato, Tramon-tana and Wolleson to retain the services of attorney Anthony Bruscato. In January 2001, Alicia Morris, the supervisor of collections for BFCU, stated under oath that Duggan owed BFCU the amount of $2,541. In January and February 2001, BFCU obtained judgments against Duggan in Webster and Ouachita Parishes.
Subsequently, BFCU filed a petition in Caddo Parish to make the judgments exec-utory and for garnishment against Duggan and her employer, Willis-Knighton Medical Center South. BFCU sought to collect $12,870.71, the amount allegedly due under the judgments.
In February 2004, the plaintiff, Stephanie Duggan, filed a petition for damages, restraining order and an injunction against the defendants, BFCU, Alicia Morris, Anthony Bruscato and his law office, Brusca-to, Tramontana and Wolleson. BFCU filed exceptions of venue and prescription. Bruscato filed exceptions of venue and lis pendens and a motion for sanctions.
After a hearing, the district court rendered a judgment signed on March 26, 2004, granting the defendants’ exceptions of venue and transferring this case to unspecified “courts in the appropriate jurisdiction.” The court awarded each defendant $500 in attorney fees, finding that the temporary restraining order was unlawfully issued and that the lawsuit against Bruscato was frivolous. On March 31, 2004, the court signed a separate judgment with the same provisions, except that the present lawsuit was “dismissed without prejudice.” Plaintiff appeals the judgments.
^DISCUSSION
The plaintiff contends the district court erred in granting the defendants’ exceptions of venue. Plaintiff argues that venue is proper in Bossier district court because BFCU has its principal place of business in Bossier Parish and Bruscato is liable in solido with BFCU for damages from the wrongful garnishment of her wages.
An action against a domestic unincorporated association shall be brought in the parish where its principal business establishment is located. LSA-C.C.P. art. 42. The general rules of venue provided in Article 42 are subject to the exceptions provided in Civil Procedure Articles 71 through 85 and otherwise provided by law. LSA-C.C.P. art. 43. An action against joint or solidary obligors may be brought in a parish of proper venue under Article 42 as to any obligor who is made a defendant, except in actions for damages where plaintiffs domicile is a proper venue. LSA-C.C.P. art. 73.
*172 A final judgment obtained by fraud or ill practices may be annulled. An action to annul a judgment on these grounds must be brought within one year of plaintiffs discovery of the fraud or ill practices. LSA-C.C.P. art.2004. An action to annul a judgment must be brought in the trial court. LSA-C.C.P. art.2006.
The plaintiff contends that her action is for damages because of wrongful garnishment, not a nullity action, and that the courts have awarded damages for mental anguish caused by wrongful seizures of property. In support of her position, plaintiff cites First National Bank of Commerce v. Boutall, 411 So.2d 1193 (La.App. 4th Cir.), rev’d, 422 So.2d 1159 (La.1982) (supreme court found wrongful seizure not proven). In Boutall the court stated that a wrongful garnishment by a judgment creditor is answerable in damages, including general damages for embarrassment and inconvenience. However, unlike the situation in the present case, the debtor in Boutall did not attack the validity of the judgment which the creditor sought to enforce. Instead, the debtor alleged that the garnishment was improper because the bank account funds subject to seizure were not his property.
In contrast, a reasonable reading of plaintiffs petition and appellate brief indicates that plaintiff is essentially arguing that garnishment is wrongful because the underlying judgments were improperly obtained through misrepresentations and false statements by BFCU. In effect, plaintiff seeks a ruling that the judgments rendered by the Webster and Ouachita courts are null. However, pursuant to Article 2006, an action to annul a judgment must be brought in the district court which rendered the judgment. Licoho Enterprises, Inc. v. Succession of Champagne, 283 So.2d 217 (La.1973). Thus, plaintiffs action to stop BFCU’s enforcement of a prior judgment allegedly obtained by ill practices should have been filed in the rendering parish. In addition, other than the alleged solidary liability with BFCU, plaintiff has not shown a basis for venue in Bossier Parish with regard to the claims against Bruscato. Consequently, we cannot say the district court erred in granting defendants’ exceptions of venue and we affirm the dismissal of the plaintiffs action filed in Bossier Parish.

\ Sanctions

The plaintiff contends the district court erred in granting Bruscato’s motion for sanctions and in assessing $500 in attorney fees for each defendant. Plaintiff argues that the motion for sanctions was premature and should have been denied.
LSA-C.C.P. art. 863 provides that every pleading of a represented party shall be signed by an attorney of record certifying that he has read the pleading and that to the best of his knowledge after reasonable inquiry it is well grounded in fact, that it is warranted by existing law or a good faith argument for the extension or modification of existing law, and that it is not interposed to harass or to cause unnecessary delay or needless increase in the cost of litigation. If it determines that a certification has been made in violation of the article, the court shall impose an appropriate sanction, such as an order to pay a reasonable attorney fee. LSA-C.C.P. art. 863(D).
The focus of Article 863 is whether the attorney or litigant met the procedural obligation at the time of signing the document. Article 863 does not allow the court to impose sanctions on a lawyer simply because a particular argument or ground for relief contained in a non-frivolous pleading was found to be unjustified. First American Bank & Trust v. First Guaranty Bank, 615 So.2d 1060 (La.App. *173 1st Cir.1993). The standard of review is whether the district court abused its discretion in assessing sanctions. First American Bank, supra.
In the present case, the plaintiffs petition alleges that Bruscato' failed to file necessary pleadings and allowed “unconscionable judgments” to ' be | ¿rendered against plaintiff. The record shows that after Bruscato was hired by plaintiff in December 2000, he contacted BFCU seeking information regarding plaintiffs accounts. Bruscato received a response in March 2001, by which date BFCU had already obtained the judgments against plaintiff in Webster and Ouachita parishes. Plaintiff has not explained how Bruscato could have prevented entry of these judgments when he and plaintiff did not learn of the judgments until after they had been rendered. In addition, BFCU began garnishment proceedings in December 2003, after plaintiff had terminated Bruscato’s services in June 2003.
Given these circumstances, the district court apparently determined that performance of a reasonable inquiry and interpretation of existing law would have indicated to plaintiffs attorney that Bossier Parish was not a proper venue for plaintiffs claims against Bruscato. Based upon this record, we cannot say the district court abused its discretion in awarding Bruscato $500 in attorney fees as a sanction under Article 863. Although plaintiffs assignment of error refers to the court’s award of sanctions to BFCU for the improper issuance of the temporary restraining order, the issue is not argued in plaintiffs brief. Thus, pursuant to URCA Rule 2-12.4, that aspect of plaintiffs assigned error is deemed abandoned. The assignment of error lacks merit.

Answers to the Appeal ‘

BFCU and Bruscato have filed answers to the appeal alleging that plaintiffs appeal is frivolous and seeking an award of damages and attorney fees. Bruscato contends the appeal was filed in bad faith.
^Appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Moseley v. Mustin, 38,455 (La.App.2d Cir.7/28/04), 880 So.2d 105. LSA-C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Moseley, supra. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or the appellate counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit but raise legitimate issues, damages for a frivolous appeal are not allowed. Moseley, supra; Thomas v. Gould Street Logging, 27,192 (La.App.2d Cir.9/27/95), 661 So.2d 546.
Here, plaintiffs counsel submitted an appellate brief with citations of authority in support of his position on appeal. Although we agree with the district court that plaintiffs arguments are based on a misinterpretation of the pertinent law and lack merit, there is no .showing that the appeal was taken solely for the purpose of delay or that counsel did not believe in'the position he advocated. Thus, an award of damages for frivolous appeal is not warranted.
BFCU also contends the plaintiffs action to annul has prescribed. Regarding prescription, we note that plaintiff has alleged in her pleadings and brief that she did not receive notice of the actions filed by BFCU in Webster and Ouachita parishes. An action to annul a judgment against a defendant who has not been served with process as required by law may be brought at any time. LSA-C.C.P. art.2002. In *174 light of the possible ^application of Article 2002 should plaintiff pursue her action in Webster or Ouachita parish, we decline to address the issue of prescription. Our decision is not a comment on the merits of any potential action to annul by plaintiff.

Separate Judgments

As previously noted, the district court signed two separate judgments which were independently submitted by BFCU and Bruscato. LSA-C.C.P. art. 1841 provides that a judgment that determines the merits in whole or in part is a final judgment. A final judgment may be amended by the district court at any time to alter the phraseology of the .judgment, but not the substance, or to correct errors of calculation. LSA-C.C.P. art.1951. A judgment may be amended by the court where the amendment neither removes nor adds anything to the original judgment. Frisard v. Autin, 98-2637 (La.App. 1st Cir.12/28/99), 747 So.2d 813.
Here, the original judgment purported to transfer the plaintiffs action to a parish of proper venue, but failed to specify the parish of transfer. Thus, the subsequent amended judgment dismissing the action did not add to or remove from the substance of the original judgment. Consequently, we shall consider the amended judgment signed on March 31, 2004 as the final judgment for purposes of this appeal.
CONCLUSION
For the foregoing reasons, the district court’s March 31, 2004 judgment dismissing this action without prejudice and awarding defendants attorney fees is affirmed. Frivolous appeal damages are denied. Costs of Igthis appeal are assessed to the appellant, Stephanie K. Duggan.
AFFIRMED; FRIVOLOUS APPEAL DAMAGES DENIED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, CARAWAY, PEATROSS, and MOORE, JJ.
Rehearing denied.